DAVID SPERO, Appellant, v. WEST SIDE BANK, Respondent.

*N. Y. Supreme Court, First Department, General Term, November 7, 1889.*

*Deposition. Examination before trial.*—To entitle a party to examine the opposite party before trial, a statement showing the necessity of such examination previous to the time of the trial, and his purpose of obtaining the evidence for use on the trial, is required.

Appeal from order denying a motion to vacate order requiring plaintiff to appear and submit to examination as witness in action before trial.

*Wales F. Severance*, for appellant.

*Gibson Putzel*, for respondent.

DANIELS, J.—The action has been brought for the conversion of checks alleged to have been the property of the firm of which the plaintiff and Rachel Friedman were members. She has assigned her interest in the demands in suit to the plaintiff, and it was prosecuted by him to recover the value of the checks. There was a large number of these checks received in the course of the business of the firm and negotiated by a person in its employment as a bookkeeper and clerk, whose endorsements were alleged to have been made without authority. By the defence which has been presented it is proposed to show that this clerk was authorized to make the endorsements which he did upon the checks, and that their proceeds went into the business and assets of the firm, and it may very well be that a case can be made out entitling the defendant to an examination of the plaintiff as to these alleged facts.

But the affidavit on which the order was made is deficient in its failure to comply with the rule which has been established by the authorities, as that has also been stated in Jenkins v. Putnam, 106 N. Y. 272, 275. The affidavit as

made contains no statement from which it can be inferred that it is necessary that the defendant should obtain this evidence by the examination of the plaintiff prior to the time of the trial of the action. Neither has it stated that it is designed to obtain that evidence to be used upon the trial. In both respects the affidavit is materially defective. There cannot be the slightest difficulty standing in the way of such a statement of facts as will disclose the existence of this necessity, and the design so to obtain the testimony of the plaintiff, where these facts may be truthfully affirmed and set forth.

What the law in theory requires to entitle a party to the examination before trial of the opposite party, is such a statement as will indicate the necessity of that examination previous to the time of the trial, and the statement of the purpose of the party being to obtain the evidence to be used upon the trial. It is so often the case that these examinations are taken without any design to use the evidence, when it has been obtained, upon the trial, that it is due to the party who is to be examined that a case in these respects should be reasonably made out by the affidavit upon which the order may be made. This affidavit was substantially defective in each of these particulars, and the order should be reversed with the usual costs and disbursements, but with liberty to the defendant to renew the application upon such affidavit or proofs as will not be liable to any substantial legal objection.

VAN BRUNT, P.J., concurs.