MANHATTAN ELECTRIC-LIGHT CO. *v.* CONSOLIDATED TELEGRAPH & ELECTRICAL SUBWAY CO.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

DISCOVERY—EXAMINATION BEFORE TRIAL.
  An order for the examination before trial of the treasurer of a defendant corporation is properly vacated where it is apparent upon the face of the papers that the object of the examination is to enable plaintiff to anticipate the evidence offered upon the part of the defense.

Appeal from special term, New York county.
Action by Manhattan Electric Light Company against Consolidated Telegraph & Electrical Subway Company. Plaintiff appeals from order vacating the examination before trial of the treasurer of the defendant.
  Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.
  *B. F. Einstein,* for appellant.   *W. N. Cohen,* for respondent.

O'BRIEN, J.   We are of opinion that the order appealed from should not be disturbed. It is plainly apparent upon the face of the papers upon which the order for the examination of the treasurer of the defendant was granted that the object of the examination is not for the purpose of establishing by the evidence to be adduced thereon the cause of action set out in the complaint, but rather to ascertain the nature of the evidence by which the defendant proposes to establish its defense to that cause of action, in order that the plaintiffs may prepare themselves with other evidence to meet the claims which may be advanced by the defendant upon the trial. The Code has not authorized the examination of a party before trial for any such purpose. The case of *Spero* v. *Bank,* 7 N. Y. Supp. 546, relied upon by the counsel for the appellant, presented an entirely different question. It was apparent in that case that the testimony of the plaintiff was absolutely necessary for use upon the trial by the defendant, and that he was the only party by whose testimony the facts could be established upon which the defense rested. In the case at bar the avowed object of having an examination before trial is for the purpose of investigating the testimony thus offered. It is clearly not wanted for use upon the trial; but it is desired in order that the plaintiff may be able to anticipate the evidence offered upon the part of the defense. The order should be affirmed, with $10 costs and disbursements. All concur.