LEWISOHN BROS. v. MULLER et al.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL.
    Where it is shown that an examination of the complaint and papers in another action begun by plaintiff, and other information regarding it, are necessary to enable defendant to prepare an answer, and that such papers are not on file, the court may properly grant an order for the examination of plaintiff before trial, though defendant has access to what purports to be a copy of the complaint in such action.

2. SAME—WHEN NOT PROPER.
    An order for the examination of defendant before trial, where not needed for the purpose of enabling plaintiff to plead, and before issues joined, is not warranted; nor is it proper after issues joined, unless it is shown that the testimony cannot as well be obtained on the trial as before.

Appeal from special term, New York county.

Action by Lewisohn Bros., a domestic corporation, against Carl Muller and others. From orders denying a motion to vacate an order for the examination of plaintiff before trial, and granting defendants' motion to vacate an order for the examination of defendants before trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. R. Dyett and E. C. Perkins, for appellant.

G. A. Strong, for respondents.

PATTERSON, J. There are two orders appealed from by the plaintiff, and they may be considered together. On the 27th of February, 1896, the defendants procured an order for the examination before trial of the officers of the plaintiff, and requiring them to produce certain papers on such examination. The plaintiff moved to vacate that order, which motion was denied on the 12th of March, 1896, and the order entered upon that motion is now before us for review. On the 19th day of March, 1896, the plaintiff procured an order that the defendants be examined as adverse parties, and their depositions taken pursuant to the provisions of the Code of Civil Procedure, whereupon the defendants moved to vacate that order, which motion was granted, and from the order entered thereupon the appeal to this court was taken.

1. The order of examination procured by the defendants, and which the court below refused to vacate, was granted upon affidavits made in behalf of four of six defendants, and was so granted to enable those defendants to prepare an amended answer to the complaint. That complaint appears in the record. The action was brought to recover a large sum of money, the alleged value of certain tin claimed by the plaintiff as its property, and which all the defendants were charged with having converted. It appears by the affidavits upon which the order was granted that the plaintiff is a corporation created under the laws of the state of New York; that the defendants Carl Muller, Frederick Muller, William Schall, and Edmund Pavenstadt are co-partners in business, and they also claimed to own the tin, and it was upon their motion that the order of examination was granted. It further appears that the defendant Gentle was a warehouseman with whom some part of the tin was stored; that the defendant Russell had some relation to these goods, as an alleged purchaser from the plaintiff. The affidavit of Mr. Strong, one of the attorneys for Muller & Co., is to the effect that, upon the examination of a bill of particulars which was served by the plaintiff on the 30th of January, a statement was discovered therein which indicated that before this action for conversion was brought the plaintiff had sued the defendant Russell for the purchase price of the same tin, whereupon the attorneys for Muller & Co. made application to the attorneys for the plaintiff for permission to inspect the papers in the supposed action for the purchase price, but such permission was refused; that ineffectual efforts were made to procure the plaintiff's consent to such an inspection, during the progress of which the defendants delayed answering, in the expectation of gaining access to such papers, and that, the time to answer being about to expire, application was made for an extension of time, which was refused, and thereupon the defendants interposed an

answer setting up such defenses as they were at that time able to frame; relying upon their right to serve an amended answer when they should get access to the papers, either by consent of the parties holding them, or by an order of the court. It further appeared by the affidavit of Mr. Schall, one of the defendants, that a warrant of attachment had been issued in the action said to have been brought by this plaintiff against the defendant Russell, and that an attempt had been made to levy, under that attachment, upon property in the possession of the defendant Gentle, and that the deputy sheriff left with Gentle certain papers purporting to be copies of the complaint in that action; that the action was brought by the same attorneys who appear for the plaintiff in this action; that the defendants making the motion had made efforts to discover the whereabouts of the originals of the papers, and they have been unable to do so, except the original warrant of attachment, which still remains in the hands of the sheriff; that what is alleged to be a copy of the complaint in the action referred to shows that it was brought to recover the agreed price or value of a number of different lots of tin, in pigs, which it is alleged were sold by the plaintiff to the defendants at about certain dates, and in certain quantities, which indicated that it was the same property for the alleged conversion of which this action is brought. And it is averred in Mr. Schall's affidavit that the defendants desired to examine the plaintiff and its officers for the purpose of learning the facts connected with the action of the plaintiff against Russell, and the warrant of attachment, and the sales in the complaint in that action stated to have been made, to enable them to frame their amended answer in this action; that the order was sought for a legitimate purpose, and to put the defendants Muller & Co. in a position to set up a defense which, if proven, would be available to them to defeat the plaintiff's action for conversion. It seems reasonable that what merely purports to be a copy of a complaint would not be sufficient for the defendants to act upon in putting in a verified defense to this action for conversion. The affidavits of Mr. Schall and Mr. Strong show that the original papers were not on file, and that there was no way in which access could be had to them, except by the interposition and aid of the court. The tin, the subject of the action, undoubtedly at one time belonged to the plaintiff; but the defendants claim that it sold it, and conferred title upon the defendant Russell, or that if it did not, and the merchandise came wrongfully into the possession of Russell, from whom these defendants got it, the plaintiff might elect to waive the wrong, treat the transaction as a sale, and sue Russell for the purchase price, and thereby make his election of remedies. Morris v. Roxford, 18 N. Y. 552. It was in order to ascertain whether this was done, and, if it were, that the defendants Muller & Co. might have that information or knowledge concerning it which would enable them to set it up as an affirmative defense and verify it, that the order below was made. The fact that the election was made, if it be true, could be relied upon to establish a legitimate and proper defense, and the information was required to

enable them to plead it intelligently and conscientiously. It is no answer for the plaintiff to say that the defendants can procure a copy of the complaint from their co-defendants Gentle or Russell. It is not the copy, but the original, of the complaint, or the testimony of the plaintiff's officers, that will give the authentic and indisputable information required. To permit the examination was a reasonable and proper exercise of the power of the court, and the order refusing to vacate the order of examination must be affirmed, with costs.

2. We think that the order vacating the order for the examination of the defendants was also properly granted, so far as the moving parties are concerned. That order of examination required all of the six defendants to appear for examination. That no necessity for that examination existed when the order was made, was shown on the motion to vacate it. It was not required for the purposes of pleading, as was the case with the order obtained by the defendants Muller & Co.; and it was improper to compel them to attend for examination for the purposes of the trial, for it was shown that there were then no issues to be tried. It appears by the affidavit of Jesse Lewisohn that the examination was necessary to the plaintiff, in order that it might ascertain and prove on the trial what relations existed between the defendant Gentle and the firm of Muller, Schall & Co. with regard to the warehousing and holding of the tin by Gentle. But it also appears by the affidavit of Charles Weiser that there was no issue whatever joined in this action; that on the 29th day of February, 1896, the plaintiff served an amended complaint in this action, which complaint has not yet been answered by the defendants Muller & Co.. whose time to answer will expire on the 9th day of April, 1896. So that, at the least, this order for the examination of the defendants was prematurely obtained. The evidence was not necessary to be used upon the trial, because there were no issues framed, and it was impossible to determine what would be contested upon the trial; and, apart from that, there is nothing in the affidavits of the plaintiff to show that they could not procure the attendance of the defendants at the trial, and elicit from them then such facts within their knowledge as it might be necessary to prove. No circumstances are shown that really made it important to take the testimony before trial, instead of at the trial, and that is required. Williams v. Folsom, 52 Hun, 68, 5 N. Y. Supp. 211. And therefore we are of the opinion that this order should also be affirmed.

Both orders appealed from affirmed, with $10 costs and disbursements on each appeal. All concur.