---

(15 App. Div. 397.)

### LEARY v. STOCK et al.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

EXAMINATION OF PLAINTIFF BEFORE TRIAL—AFFIDAVIT.

    An affidavit to obtain an examination of plaintiff before trial does not "specify the facts and circumstances which show that the testimony * * * is necessary for the defense of the action" (Gen. Prac. Rule 82), where it merely alleges that the testimony is necessary to enable defendants to prepare for trial and defend, for the reason that they have no knowledge of when or where certain facts pertaining to plaintiff's case occurred; the right to such examination being limited to obtaining evidence to be used on the trial. O'Brien and Williams, JJ., dissenting.

Appeal from special term, New York county.

Action by Dennis Leary against Nicholas Stock and another. From an order denying a motion to vacate an order for the examination of the plaintiff before trial, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edward Hassett, for appellant.
G. D. B. Hasbrouck, for respondents.

INGRAHAM, J.    By Rule 82 of the General Rules of Practice, it is provided that, to obtain an order for the examination of a party before trial, the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872 of the Code, that the examination of the person is material and necessary. The facts must be stated in the affidavit, so that the court can judge as to whether or not the examination of the party proposed to be examined is material and necessary for the party making the application.    An examination of an adverse party cannot be said to be material unless the facts are stated from which it appears that the testimony of the party proposed to be examined is necessary to be used upon the trial, either to prove or disprove the plaintiff's cause of action, or prove or disprove a defense alleged by the defendant. The deposition of a witness cannot be material for the prosecution or defense of an action if its object is to enable a party to find out what his opponent's witnesses will swear to, to enable him to procure other evidence to be produced upon the trial, or to enable him in any way to prepare for trial.    The testimony of a person is said to be material and necessary for a party in a judicial proceeding where it appears that such person can testify to facts material to the issue; and the examination of such person can be said to be material and necessary when, from the facts stated, it appears that the testimony of the witness is necessary in the prosecution or defense of the action in which it is proposed to take the testimony.    It has been uniformly held, since these provisions for the examination of an adverse party have been in force, that, to justify such an examination, it must appear by a fair inference from the facts stated that the object of the examination is to procure testimony to be used upon the trial, and for no other purpose.    Courts have always been careful to limit the examination of a party to this one purpose where the examination is sought after issue joined.    An examination of the affidavit upon which this order was granted clearly shows that it was not the intent of these defendants to examine the plaintiff for the purpose of using his testimony upon the trial, but that their intent was to ascertain what he would swear to upon the trial to support his cause of action, so as to enable the defendants to prepare to meet and answer his testimony.    However useful that would be to enable the defendants to defeat the plaintiff on the trial of the action, it does not show that the examination of the plaintiff before trial is material and necessary for the defendants in the defense of the action.    The defendants are careful to avoid saying in their affidavit that the testimony of the plaintiff and the testimony of the other defendant is at all necessary to be used upon the trial of the action.    They do say that the testimony is material and necessary to enable these deponents to prepare for trial, and also for the defense of the said action on the trial thereof, for the reasons that the agreement alleged in the complaint upon which the action is founded is made between the plaintiff and the defendant Rice, who did not appear in the action; that the defendants have no knowledge of the time and place at which the agreement was made, or the amount that was loaned and advanced to the plaintiff by Rice, as to what persons, if any, were present

at the time of the making of the said agreement, or as to the terms and conditions thereof; and, further, that, the tender alleged in the complaint having been made by the plaintiff upon the defendant Rice, these defendants have no knowledge as to the time and place of the tender and demand, or as to who were present at the time of such tender; that the defendants have no knowledge of these facts; and that a discovery of the same is necessary to enable the defendants to prepare for trial of the action, and for the defense thereof upon the trial, and otherwise as may be necessary. There is not a fact here stated that would justify the conclusion that the object of the application was to procure testimony to be used upon the trial. These defendants are not called upon to prove the agreement alleged in the complaint between the plaintiff and Rice, the amount of money claimed to have been loaned and advanced to the plaintiff by Rice, or to Rice by the plaintiff, or when such money was paid, or the persons who were present at the time such agreement was made; nor are they required to prove the tender of the money and the demand for the securities. It is not alleged, nor is there any fact alleged that tends to show, that either the plaintiff or the defendant Rice would testify to any fact which would aid the defendant to disprove the cause of action alleged in the complaint, nor to prove any affirmative defense alleged in the answer. On the contrary, the affidavit states that the defendant Rice is hostile to these other defendants, and that that is one of the reasons why it is alleged to be quite important that these defendants should know what he will swear to, so as to enable them to prepare to meet his testimony. But, as before stated, this does not show or tend to show that the "testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action." What a party must show to entitle him to an examination of his adversary before trial is that the testimony of such person to be examined is material and necessary as evidence for use upon the trial by the party making the application, and that must appear from facts and circumstances alleged, and not from a mere conclusion of the affiant.

For this reason we think the order appealed from should be reversed, with $10 costs and disbursements, and the order for the examination vacated, with $10 costs.

VAN BRUNT, P. J., and PATTERSON, J., concur.

O'BRIEN and WILLIAMS, JJ. We think the affidavit sufficient.

