### NAAB v. STEWART.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

EXAMINATION OF PARTY BEFORE TRIAL.

In order to justify the court in granting an order for an examination of a plaintiff in an accident case before trial, the defendant must allege facts showing the court that the plaintiff possesses knowledge of specified facts, necessary and material for the defendant; that the latter had made diligent and intelligent inquiries among those likely to know the necessary facts, but in vain; and that he cannot proceed to trial without such knowledge of facts.

Appeal from special term, Kings county.

Action by Kathrina Naab against David J. Stewart. From an order denying plaintiff's motion to vacate an order obtained by defendant for her examination as a party before trial, and for her submission to a physical examination, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Stephen B. Jacobs, for appellant.
Herbert T. Ketcham, for respondent.

WOODWARD, J. This action, brought to recover for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant, involves, so far as this appeal is concerned, the question of the right of the defendant, under his papers, to examine the plaintiff before the trial. The complaint alleges that the defendant is the landlord of certain premises in the borough of Brooklyn, city of New York, and that:

"On or about January 6, 1898, and for a long time prior thereto, the defendant knowingly, willfully, wrongfully, and negligently kept and maintained the carpet or covering to and upon a stairway of, in, and to said premises in such a defective, unsafe, and dangerous condition that on or about the 6th

day of January, 1898, plaintiff, while lawfully and necessarily using the same, and was free from all fault whatever on her part, was thereby caused to trip and fall, and by reason of the premises aforesaid to sustain severe, serious, painful, and permanent injuries to her body and health, all to her damage of thirty thousand dollars."

The answer sets up a general denial, except as to the fact of landlordship, which is admitted.

On the affidavits of Herbert T. Ketcham and David J. Stewart, an order was granted directing the plaintiff to appear before Frank H. Voght, referee, for examination; and it was further ordered that she appear before Fannie W. Oakey, M. D., for a physical examination. On the hearing of a motion to show cause why this order should not be vacated, a special term of this court denied the motion to set aside this order, and from that order an appeal comes to this court; it being contended on the part of the plaintiff that the affidavits on which the original order was granted did not set forth sufficient facts to enable the court to judicially determine that the information sought was material and necessary for the defendant. We are of opinion that this position is well taken. The Code of Civil Procedure has not changed the rule insisted upon in courts of chancery; and it is necessary, in order to justify an order directing the examination of a party to an action before trial, to show to the court the facts which are within the special knowledge of the adverse party, and which are material and necessary to enable him to proceed to trial. The mere statement of counsel or of the party that there are facts material and necessary is not sufficient to meet this requirement. "The testimony of a person is said to be material and necessary," say the court in the case of Leary v. Rice, 15 App. Div., at page 399, 44 N. Y. Supp. 83, "for a party in a judicial proceeding, where it appears that such person can testify to facts material to the issue; and the examination of such person can be said to be material and necessary when, from the facts stated, it appears that the testimony of the witness is necessary in the prosecution or defense of the action in which it is proposed to take the testimony. It has been uniformly held, since these provisions for the examination of an adverse party have been in force, that to justify such an examination it must appear, by a fair inference from the facts stated, that the object of the examination is to procure testimony to be used upon the trial, and for no other purpose." The affidavit of Herbert T. Ketcham, the defendant's attorney, says that:

"The testimony of the plaintiff as to the manner in which she received the injuries alleged in the complaint in this action, and as to the nature and extent of such injuries, is material and necessary for the defendant, and for the defense of such action. He cannot safely proceed to the trial thereof without such testimony. I intend upon such trial to read in behalf of the defendant the testimony of the plaintiff to be taken before trial."

This does not show that the examination of the plaintiff is material or necessary to the defendant in the defense of this action. The action is brought for the purpose of recovering for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. To justify the court in granting the order for an examination of the plaintiff pending the trial of the action, the de-

fendant should show to the court that the plaintiff is in the posses-
sion of knowledge of facts which it is necessary for the defendant to
know, that the defendant has taken steps to discover these facts from
other sources, that he has been unable to make such discovery, and
that he cannot safely proceed to trial without such knowledge of
facts.   The mere fact that the defendant's attorney alleges in his
affidavit that he intends to read such testimony before the jury upon
the trial of the action does not help the case, nor does it meet the
requirements of a rule established for the promotion of justice.   The
defendant in the case at bar should show to the satisfaction of the
court that he has made diligent and intelligent inquiry among those
who are likely to know of the facts necessary for his defense.   He
should tell the court of the steps he has taken to this end, that the
court may judicially determine whether he has in fact exhausted his
own resources, before the plaintiff is put to the trouble and annoy-
ance incident to the examination proposed.   The statement of the
defendant that the "testimony of the said Kathrina Naab is material
and necessary to the defense of this action," and that "I am totally
ignorant of the nature and extent of the personal injuries so alleged
to have been incurred by the plaintiff," and that "I am also ignorant
of the circumstances under which those injuries may have been re-
ceived," and that "I have caused inquiries to be made among the per-
sons occupying the house where such injuries are alleged to have
been received," and that "such inquiries have been made with dili-
gence, and with a sincere desire to ascertain the circumstances under
which such alleged injuries may have been sustained, but I have not
been able to learn anything whatever concerning the nature or extent
of the said injuries, or the manner of their occurrence," does not
meet the requirements.   It gives the court no facts on which it may
judicially determine that the defendant has done all that he might
have done to secure the information which he seeks, and until this
is done the court cannot be justified in permitting him to enter upon
an examination of the plaintiff to discover in detail her cause of ac-
tion.   It seems to us proper, in actions for personal damages, where
the facts are peculiarly within the knowledge of the plaintiff, and
where there are no witnesses to the alleged accident, that the de-
fendant should be allowed, upon a proper application to the court,
setting forth the facts which are within the knowledge of the plain-
tiff, and which cannot otherwise be discovered, an order permitting
the examination of the plaintiff; but we are of opinion in the case
at bar that the defendant has not complied with the rule necessary
in protecting the rights of the plaintiff, and that the examination
ought not to be permitted, under the facts stated to the court.   In
the case of Manufacturing Co. v. Brown, 16 App. Div. 317, 44 N. Y.
Supp. 625, it was held that the mere fact that it was not alleged that
the testimony was to be used at the trial did not defeat the order,
provided it appeared from the facts set forth that it would necessarily
be used; but this case does not strengthen the position of the de-
fendant in the case at bar.   In that case the affidavits on which the
order was granted fully set forth the facts, showing that it was ma-
terial and necessary that the examination should be made, in order

that the evidence of parties likely to absent themselves should be before the jury.    The court say:

"And the rule of the court is that 'the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872, that the examination of the person is material and necessary.' Rule 82. * * * And then," continues the court in the same case, "after presenting with clearness the points upon which one or both of said defendants must be necessary and material witnesses for the plaintiff, the affidavit closes with the statement supra, that the plaintiff makes this application in good faith, and cannot at the present time prove facts, except by the testimony of the said defendants Brown and Walker."

The defendant in the case at bar does not show to the court that the plaintiff knows any facts which are necessary to his defense, that there is any reason to believe that she will not be present at the trial, or that there is any reason to expect she will not be a witness, or that there is any way in which she can avoid disclosing all of the facts with which she is familiar in respect to this cause of action.    "The bill," says Chancellor Kent in the case of Seymour v. Seymour, 4 Johns. Ch. 409, "ought to have charged that certain facts were within the knowledge of the defendants, and that a disclosure from them was requisite.    The bill or affidavit, to support the injunction, must state the belief of the plaintiff that the answer would furnish discovery material to the defense, and that the plaintiff had not the means of obtaining the facts without such discovery." "A bill for discovery and relief shows (as this does)," say the court in the case of Carroll v. Carroll, 11 Barb., at page 298, "cause of action, and prays for the discovery of particular facts, alleged to be true in fact, but which are peculiarly within the knowledge of the defendant."

In view of the conflict of authorities which has heretofore prevailed, and the peculiar circumstances of this case, it seems to us that the ends of justice will be served in the case at bar by reversing the order appealed from, with permission to the defendant to renew his application for an order to examine the plaintiff.

Order reversed, with $10 costs and disbursements, with leave to defendant to renew application. All concur.