(59 App. Div. 564.)

## BERNHEIMER v. SCHMID.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

DISCOVERY—EVIDENCE—PARTNERSHIP—DISSOLUTION—ACCOUNTING.

In an action for the dissolution of a partnership and disposition of its property, where an interlocutory decree for an accounting follows as a matter of course, neither party is entitled to examine the other before trial, except as to subjects of which the interlocutory judgment may make some disposition, and which lie peculiarly in the knowledge of the adverse party, since a general examination would only result in a double accounting.

Appeal from special term, New York county.

Action by Simon E. Bernheimer against Josephine Schmid. From an order vacating an order for an examination of plaintiff before trial, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Roger Foster, for appellant.
William A. Jenner, for respondent.

PER CURIAM. In this action, brought for a dissolution of a co-partnership and a disposition of its property, the learned judge at special term has correctly stated that an interlocutory decree for an accounting must follow almost as a matter of course. Upon such an accounting the defendant will have full opportunity not alone to examine the plaintiff on all subjects connected with the partnership, but also to thoroughly examine the partnership books. To allow an examination before trial to the extent asked would necessarily result in a double accounting,—one upon the plaintiff's examination, and the other after the interlocutory decree. This, as it would involve double labor and expense, and virtually two accountings, should be avoided, unless absolutely necessary in order to protect the defendant's rights and enable her to prepare for trial. Without going over in detail the items as to which she has asked to examine the plaintiff and obtain from him desired information, it can be stated generally concerning them that they relate to matters which will not be inquired into upon the trial, but which will properly arise upon the accounting after the interlocutory decree. Thus the entries in the books (whether they are true and complete or untrue and incomplete) and the extent of the assets (whether correctly stated therein) will have no place at the trial, although they are very pertinent to the accounting after the interlocutory judgment. Regard being had to the issues raised by the pleadings, however, there are two subjects which may properly be inquired into at the present time, and concerning which the interlocutory judgment may make

some disposition, namely: First, the nature and extent of the good will and trade-marks, which, with the other property, the plaintiff asked to have sold, and of which the defendant expressed a wish to avail herself after the dissolution; and, secondly, the real estate rented and used by the partnership, which plaintiff asserts and defendant denies is partnership property. Upon these matters, the facts concerning which are peculiarly within the knowledge of the plaintiff, who at all times has had the active management of the copartnership, we think the defendant should be allowed to examine him, to the end that she may be prepared to meet such proof as may be offered on the trial.

The order, therefore, should be modified accordingly, and as so modified affirmed, without costs.