### KRAMER v. KRAMER.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

EXAMINATION OF PARTY BEFORE TRIAL.

> In an action on a note executed by defendant to plaintiff, where the answer set up in good faith that it was delivered to plaintiff's husband without any consideration, and on the express condition that it would not be delivered or negotiated; and further, on information and belief, that the note was never delivered, but was obtained fraudulently, without the husband's consent,—defendant was entitled to an examination of plaintiff before trial.

Appeal from special term.

Action by Gertrude S. Kramer against Edwin G. Kramer. From an order vacating an order for the examination of plaintiff before trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Daniel P. Hays, for appellant.
Willard N. Taylor, for respondent.

HATCH, J. This action was brought upon the following promissory note, alleged to have been duly made and delivered to the plaintiff herein by the defendant:

"$12,000.            Boston, Mass., April 1st, 1901.

"—— after date I or my estate promise to pay to the order of Gertrude Short Kramer, twelve thousand dollars, at 6 % interest from date, at 474 Commonwealth Ave., Boston, Mass.

"Value received, $12,000.

"No. 1. Due.            Edwin G. Kramer."

Defendant, in his answer, admits the making of such a note, and as an affirmative defense avers that it was delivered to Alfred E. Kramer, the husband of the plaintiff, without any consideration, and upon the express condition and promise that the said note was not to be delivered nor negotiated under any circumstances, nor the possession thereof parted with. Defendant further alleges, upon information and belief, that the said note was never delivered, but that

plaintiff obtained the same wrongfully and fraudulently, without the consent of Alfred E. Kramer, and without any consideration. The defendant obtained an order for the examination of the plaintiff before trial, which was subsequently vacated, and it is from such order vacating the examination that this appeal is taken. We think it fairly appears that the answer in this case is interposed in good faith, and that the defendant intends in good faith to use the testimony to be taken upon the examination on the trial of the action. It is evident that the testimony of the plaintiff, in view of the peculiar circumstances surrounding the execution and delivery of the note, is material and necessary to the defense in this action; and under such circumstances, where the application is made in good faith, and is for the purpose of procuring testimony to be used upon the trial, a case is made entitling the party to an examination. Leary v. Rice, 15 App. Div. 397, 44 N. Y. Supp. 82. The facts as to how the plaintiff became possessed of the note, and the consideration, if any, that she paid therefor, are peculiarly within the knowledge of the plaintiff, and upon such subject the defendant must be presumed to be absolutely ignorant. It devolves upon him to show that the plaintiff is not a bona fide holder of the note, and it is quite likely that he can only show such fact by an examination of the plaintiff. There is no presumption that she will be present at the trial, and it is clear that, if she is, she will be a hostile witness; and there is no certainty that the defendant, unless he be permitted to have this examination, will be enabled to obtain her testimony at all. The facts appearing upon the motion show a clear case, not only in the averment of the answer and in the affidavit, but also in the circumstances surrounding the whole transaction, for an examination of plaintiff before trial, and the order, therefore, was properly granted.

It follows that the order vacating the order for examination should be reversed, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs. All concur.