### VIAL v. JACKSON et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

EXAMINATION OF DEFENDANT BEFORE TRIAL—WHEN PERMITTED.

Where, in an action to recover for personal injuries sustained owing to an insecure covering of a coal hole in the sidewalk adjacent to premises alleged to be in the possession of defendants, they deny possession in their answer, and on plaintiff's motion for an order to examine one of the defendants before trial as to their possession and control of the premises it appears probable that the facts cannot be proved except by such testimony, and it does not appear that defendants would be prejudiced thereby, the examination should be permitted.

McLaughlin, J., dissenting.

Appeal from special term, New York county.

Action by Edward C. Vial against Henry H. Jackson and others, executors and trustees under the will of Peter A. H. Jackson. From an order denying a motion to vacate an order for the examination of the defendant Adrian H. Jackson before trial, the defendants appeal. Affirmed.

Argued before PATTERSON, HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Edward W. S. Johnston, for appellants.
Thomas F. Murtha, for respondent.

LAUGHLIN, J. The action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff, owing to an insecure covering of a coal hole in the sidewalk adjacent to premises alleged to have been in the possession and under the control of the defendants as executors and trustees. The defendants in their answer deny that they were in possession and control of the premises. The object of the examination is "to enable the plaintiff to prepare for the trial." The examination is sought on the subject of the

·defendants' possession and control over the premises, sidewalk, coal hole, and grating covering it.

Ownership by defendants, as executors and trustees, is not alleged in the complaint, but it is shown by the moving papers. The plaintiff states that he intends to use the evidence on the trial of the action, ·and that he has no other means of obtaining it than by an examination of the managing trustee, who has full knowledge of the facts. It will be incumbent upon the plaintiff to show that the defendants, as such executors or trustees, had possession and control of the premises and walk. It is quite probable, as claimed, that he cannot prove these ·facts except by the testimony of one of the defendants. It is therefore evident that the testimony is both material and necessary. Leary v. Rice, 15 App. Div. 397, 44 N. Y. Supp. 82. It may disclose the ·defense in advance of the trial, bat there is no reason to suppose that such is the object of the examination, and there is nothing in the nature of the issues by which it appears that the defendants will be ·prejudiced thereby. In those circumstances, the evidence being es- ·sential to enable plaintiff to prove his case, he should not be compelled to wait and incur the risk of inability to procure the attendance of the defendants upon the trial.

The order should be affirmed, with $10 costs and disbursements. All concur, except McLAUGHLIN, J., who dissents.