WILLIAM W. DUDLEY and LOUIS T. MICHENER, Respondents, *v.* NEW YORK FILTER MANUFACTURING COMPANY, Appellant.

*Office of a bill of particulars — examination of a party before trial — when it is proper — where fiduciary relation exists.*

The office of a bill of particulars is to amplify or restrict a pleading and inform with reasonable certainty the party on whom it is served of the nature of the claim of the adverse party in order to prevent surprise and to enable him to meet intelligently the issue upon the trial.

An examination of a party before trial is never allowed where the object is to obtain information concerning an adversary's case or simply for the purpose of enabling the moving party to prepare for trial or for the purpose of supplying defects in a bill of particulars previously served by the opposing party.

Such an examination is only allowed where the object is to obtain evidence essential to the moving party's own case or defense, and when it fairly appears that

it is the intention of the party to use the examination upon the trial. In such case it is no objection to the examination that it may disclose the adversary's case. When such is the object great latitude is allowed in cases where a fiduciary relation exists or where a principal seeks to examine his agents.

APPEAL by the defendant, the New York Filter Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of January, 1903, vacating an order for the examination of the plaintiffs before trial.

*George A. Strong,* for the appellant.

*Benjamin L. Fairchild,* for the respondents.

LAUGHLIN, J.:

The action is brought to recover for services alleged to have been rendered by the plaintiffs for the defendant " in and about establishing the filtering system " of the defendant in divers cities and " in and about other business of the defendant in said cities and in other cities and places and for like services in counselling and advising it   *   *   *   and for divers journeys and other attendances in and about the business of said defendant." The answer contains a general denial of the material allegations of the complaint and sets up as a separate defense that any contract or arrangement made between any officer of the defendant and the plaintiffs was without authority, and was unlawful in that it contemplated the improper and corrupt use of money, and that any services rendered by the plaintiffs for the defendant were rendered pursuant to an unauthorized arrangement and were of an unlawful character. For a third defense and counterclaim the answer avers that the plaintiffs obtained $500 of the defendant upon the " representation that the same was necessarily and properly to be expended in the prosecution of their endeavors to introduce the filter system of this defendant into some municipality or municipalities; that the plaintiffs have never accounted to defendant for this money or furnished any evidence that the same was used by them for or on behalf of the defendant." The plaintiffs replied to the counterclaim, putting in issue all the allegations thereof, except that they admitted payment to them of $1,000 by the defendant which they alleged was expended

for the purposes for which it was received. The plaintiffs furnished a bill of particulars on the 11th day of May, 1898. No demand or motion was made for a further bill of particulars. The moving affidavits contain many criticisms of the bill of particulars, but the remedy of the defendant in that regard was to obtain a further bill of particulars. The office of a bill of particulars is to amplify or restrict a pleading and inform a party with reasonable certainty of the nature of the claim of the adverse party in order to prevent surprise and to enable him to intelligently meet the issue upon the trial. (*Taylor* v. *Security Mutual Life Ins. Co.*, 73 App. Div. 319.) The rule, however, with reference to allowing the examination of a party is quite different. Such examinations are never allowed where the object is to obtain information concerning an adversary's case or defense; nor are they allowed merely for the purpose of enabling a party to prepare for trial. (*Leary* v. *Rice*, 15 App. Div. 397; *Adams* v. *Cavanaugh*, 37 Hun, 232; *Naab* v. *Stewart*, 32 App. Div. 478.) They are only allowed where the object is to obtain evidence essential to the moving party's case or defense and when it fairly appears that it is the intention of the party to use the examination upon the trial. (*Spero* v. *West Side Bank*, 7 N. Y. Supp. 546; *Williams* v. *Folsom*, 52 Hun, 68; *Lewisohn Brothers* v. *Muller*, 6 App. Div. 459, 463; *Leary* v. *Rice*, *supra*.) Where such is the object, great latitude is allowed in cases where a fiduciary relation exists or where a principal seeks to examine his agents. (*Carter* v. *Good*, 57 Hun, 116; *Skinner* v. *Steele*, 88 id. 307; *Whitman* v. *Keiley*, 58 App. Div. 92; *Bernheimer* v. *Schmid*, 59 id. 564.) Where it appears that the testimony is material and is necessary to enable the applicant to establish his own case or defense, it is no objection to the examination that it may disclose his adversary's case. (*Vial* v. *Jackson*, 73 App. Div. 355; *Kramer* v. *Kramer*, 70 id. 615.) The examination may not be had for the purpose of supplying *defects in the bill of particulars* or obtaining *information* to enable the defendant to *prepare* for trial. In the case at bar it is apparent that the examination of the plaintiffs may be necessary to enable the defendant to establish its defense; but the moving papers are defective in that the reason for the examination is stated to be that the examination is necessary *" to enable the defendant properly to prepare for the trial of this*

*action,*" and it does not appear that the defendant *intends to use the evidence upon the trial.*

The order should be modified by providing that the order for the examination is vacated without prejudice to a renewal of the motion upon sufficient papers, and as so modified affirmed, with ten dollars costs and disbursements to respondents.

VAN BRUNT, P. J., O'BRIEN and MCLAUGHLIN, JJ., concurred; INGRAHAM, J., concurred in the result.

Order modified as directed in opinion, and as modified affirmed, with ten dollars costs and disbursements to respondents.