(98 App. Div. 13.)

McCORMACK v. CODDINGTON et al.

(Supreme Court, Appellate Division, First Department.   November 11, 1904.)

1. PARTITION—EXAMINATION OF DEFENDANT BEFORE TRIAL.
      A statement that the examination of defendant before trial was "desired for the purpose of using the testimony upon such trial" was sufficient to show that the object of the examination was to produce evidence for use in supporting plaintiff's claim as averred in the complaint, where the evidence was material and necessary.

2. SAME.
      In a suit to partition certain real estate, plaintiff claimed as heir of C., deceased, who died intestate, a resident of New York, without lineal descendants, leaving a husband and two sisters in America, and a mother, brother, and two sisters in Ireland. Plaintiff, a resident of Ireland, had never been in America, and did not know of her own knowledge the facts

¶ 1. See Discovery, vol. 16, Cent. Dig. § 70.

as to C.'s death, and as to other heirs, required to be shown under the issues raised by an answer filed by defendant R., denying that plaintiff was an heir of C., or that plaintiff was entitled to inherit any portion of the real estate, but that said R. was the sole owner thereof. *Held*, that plaintiff was entitled to examine R. before trial as to the ownership of the real estate by C., and certain other facts with reference to C.'s estate within R.'s knowledge, but was not entitled to inquire as to any defense possessed by R.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Anne McCormack against Charles E. Coddington and others. From an order denying a motion to vacate an order requiring defendant Maria Rooney to appear for examination before trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Alfred B. Cruikshank, for appellants.

David B. Simpson, for respondent.

HATCH, J. This action is brought for the partition of certain real estate situate in the city of New York. The plaintiff has served a second amended and supplemental complaint. All of the defendants in the action, save the people and Maria Rooney, have answered this complaint. She did, however, verify and serve an answer to the original complaint, in which she averred that the plaintiff was not an heir at law of the person through whom the plaintiff claims, and was not entitled to inherit any portion of any real estate derived from such source, and that the said Maria Rooney was the sole owner of the real estate sought to be partitioned. The plaintiff claims to be one of the heirs at law of Margaret Clifford, who died intestate in 1882, a resident of the city of New York, leaving the real estate in question. She left no lineal descendants, but left a husband and two sisters in America, and a mother, brother, and two sisters in Ireland. The plaintiff is a resident of Ireland, has never been in America, and does not know of her own knowledge many of the facts which she must prove in regard to the death of Margaret Clifford, and of other heirs, and who were the children of deceased heirs, and other facts required to be established in view of the issues raised by the answer. Maria Rooney, it appears, bought the share of Mrs. Dunn, a married sister of the plaintiff, living in America, and after such purchase gave what purported to be a deed to the whole property; ignoring thereby whatever rights the mother, brother, and two sisters living in Ireland had in the property. By death and various mesne conveyances title to the whole property is now vested in the parties to this action, or some of them. The plaintiff can testify as to that branch of the family living in Ireland, but has no personal knowledge as to the branch of the family living in America. It appears by affidavit that she cannot testify of her own knowledge that Margaret Clifford is dead, or that she left a husband and no children, or that she left the real estate in question, and no other real estate in this county. All of the facts in connection with the family history in America, and the disposition which has been made of the property, and the rights and interests of the respec-

tive parties therein, are matters not within her personal knowledge. It sufficiently appears from the affidavit that the defendant Maria Rooney is possessed of such knowledge, and is familiar with all the facts and circumstances connected with the property. Upon the pleadings and the affidavit of the attorney for the plaintiff, who states all of the facts either positively or upon information and belief, and in the latter case gives the sources of his information and the grounds of his belief, an order was granted by the court, pursuant to the provisions of section 873 of the Code of Civil Procedure, for the examination of Maria Rooney. Subsequently this motion to vacate that order was made and denied, and from the order entered thereon this appeal is taken.

Certain technical objections have been urged upon this appeal to the sufficiency of the papers, but we are of opinion that the application for the order was supported by sufficient proof showing compliance with the Code provisions. The most serious of the technical objections is that the papers do not show that it is the intention of the plaintiff to use the testimony of Maria Rooney upon the trial. Such fact is not directly stated in terms in the affidavit. It does appear, however, by fair inference from all that is stated, that plaintiff intends to make use of such testimony upon the trial; and it appears that the evidence sought is material and necessary upon a trial, while the statement in the affidavit is that the examination "is' desired for the purpose of using the testimony upon the said trial." It is therefore reasonable to conclude that the object of the examination is to produce evidence for use in supporting the claim of the plaintiff as averred in the complaint, and this answers all essential requirements. Fogg v. Fisk, 30 Hun, 61.

The substantial question which the appeal presents relates to the right of the plaintiff to have an examination of Maria Rooney for the purpose of inquiring into the basis of the claim which she asserted in her answer to the original complaint—that she was the owner of the property. So far as the examination is sought to develop the ground of any defense of which Maria Rooney is possessed, and which may defeat plaintiff's cause of action, an examination is not proper or authorized. It is never allowed where the purpose is to obtain information concerning the basis of a defense, or the existence of a cause of action. Dudley v. New York Filter Mfg. Co., 80 App. Div. 164, 80 N. Y. Supp. 529. But this is by no means all that the plaintiff asks, or that for which she seeks. On the contrary, it clearly appears that the examination of this party is essential to establish the facts relating to that branch of the family in America, the disclosure of which is essential to the plaintiff's cause of action. The subject-matter thereof relates to the ownership of the real property by Margaret Clifford, her death, who were parties alive in America entitled to share in her estate, what that estate was, whether she left a will, and all other matters and circumstances bearing thereon. Upon these subjects, and those that in their nature are related thereto, and necessary in support of the plaintiff's cause of action, she is entitled to have disclosed, and the examination therefor is proper. She may not, however, under guise of this examination, have an inquiry into any defense of which Maria Rooney may

be possessed.   The order for the examination should therefore exclude this element.

It follows that the order should be affirmed, with $10 costs and disbursements.

PATTERSON, O'BRIEN, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J.   I dissent.   I think that this defendant was made a party for the purpose of examination.