1. EXECUTORS AND ADMINISTRATORS ⚖⇒20(8)—COMPETENCY OF PERSON NAMED AS EXECUTOR—PROCEEDINGS—PHYSICAL EXAMINATION.

On filing of objections by legatees to the issuance of letters testamentary to the person named as executor in the will, on the ground that he is physically and mentally incompetent to perform the duties of executor, and on issue being joined, the objectors are not entitled to a physical examination of such person before trial, under Code Civ. Proc. § 873.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 97–99; Dec. Dig. ⚖⇒20(8).]

2. EXECUTORS AND ADMINISTRATORS ⚖⇒18—PHYSICAL COMPETENCY OF PERSON NAMED AS EXECUTOR.

Physical infirmity is not one of the disqualifications to receive letters testamentary named in Code Civ. Proc. § 2564, as to qualifications of executors.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 60–77; Dec. Dig. ⚖⇒18.]

3. EXECUTORS AND ADMINISTRATORS ⚖⇒20(8)—COMPETENCY OF PERSON NAMED AS EXECUTOR—PROCEEDINGS—MENTAL EXAMINATION.

On filing of objections by legatees to the issuance of letters testamentary to the person named as executor in the will, on the ground that he was mentally incompetent to act as executor, the objectors are not entitled to a mental examination of such person before trial, since such examination could be conducted as effectively before the surrogate upon the trial of the issues as on examination before trial, under Code Civ. Proc. § 873.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 97–99; Dec. Dig. ⚖⇒20(8).]

In the matter of the estate of Francis L. Leland. Application for order directing physical and mental examination denied.

---

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Olney & Comstock, of New York City (Robert C. Beatty, of New York City, of counsel), for the motion.

Kellogg & Rose, of New York City (L. Laflin Kellogg, of New York City, of counsel), opposed.

FOWLER, S. Some of the legatees under the will of the testator have filed objections to the issuance of letters testamentary to Timothy M. Cheesman, who is named as executor in the will. The objecting legatees allege that Mr. Cheesman is physically and mentally incapable of performing the duties of executor. Issue having been joined on this point, the objectants make this application for an order in accordance with the provisions of section 873 of the Code directing Mr. Cheesman to submit to a physical and mental examination and designating certain physicians to make such examination.

[1, 2] Assuming that section 873 of the Code is made applicable to the Surrogate's Court by section 2770 (which I do not decide), the right to a physical examination of a party before trial is limited by that section to an action brought to recover damages for personal injuries. Therefore that part of the application which asks for an order directing the physical examination of Mr. Cheesman must be denied. Section 2564 of the Code specifies the various causes which render a person incompetent to receive letters testamentary, but physical infirmity is not one of the disqualifications mentioned in that section. The only objection, therefore, that remains to be tried is the one alleging "want of understanding."

[3] To sustain this objection it will be necessary for the objectants to prove upon the trial of that issue that Mr. Cheesman lacks the understanding necessary to a proper performance of the duties of executor. His examination before trial upon the issue of his lack of understanding would necessarily be limited to his own testimony as to his mental capacity. But if the objectants wish to prove by Mr. Cheesman himself that he lacks mental capacity, this may be done upon the trial of the issue before me just as effectively and as expeditiously as upon a separate examination before the trial. The cases hold that an examination before trial will only be allowed when it is alleged that the testimony is necessary to the moving party's case or defense and that he intends to offer it on the trial. Dudley v. N. Y. Filter Mfg. Co., 80 App. Div. 164, 80 N. Y. Supp. 529; Rogers v. Adler, 137 App. Div. 197, 121 N. Y. Supp. 941. Unless Mr. Cheesman testified in the examination before trial that he lacked the mental capacity necessary for the proper performance of the duties of an executor, the moving parties could not be expected to use his testimony on the trial, and as Mr. Cheesman has denied the allegations contained in the objections, and is desirous of qualifying as an executor, it is extremely improbable that he would testify to his own "want of understanding." It is therefore manifest that if the objectants expect to succeed on the trial of the issue as to Mr. Cheesman's mental capacity, they would not use on such trial the testimony given by him in his examination before trial.

I think, therefore, that as it does not appear from the moving papers that the testimony of Mr. Cheesman, if taken before the trial, would be used upon the trial of the issue raised by the objections, and that as an examination of Mr. Cheesman as to his mental capacity can be conducted as effectively before me on the trial of the issues raised by the objections as on an examination before trial under section 873 of the Code, the application should be and it is denied. I will try the issue raised by the objections and answer on June 12, 1916.