In the Matter of Proving the Last Will and Testament of
FRANCIS L. LELAND, Deceased.

LOUIS F. LELAND, Appellant; TIMOTHY M. CHEESMAN, Respondent.

(*First Department, November* 3, 1916.)

SURROGATE'S COURT — PHYSICAL EXAMINATION OF PERSON NAMED AS EXECUTOR — ALLEGED MENTAL INCOMPETENCY.

Assuming that the general provisions of the Code of Civil Procedure with respect to examinations before trial are now applicable to the Surrogate's Court (which question is not here decided), in any event said provisions would not authorize a physical examination of a person named as executor in a will, for the purpose of establishing that he is mentally incompetent for the office. The authority for such physical examination is confined to actions for personal injuries.

APPEAL by Louis F. Leland from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 27th day of July, 1916, denying his motion for the examination of the respondent before the trial

or hearing on the objections filed relating to the qualifications of the petitioner to act as executor of the last will and testament of Francis L. Leland, deceased.

Robert C. Beatty, for the appellant.

L. Laflin Kellogg (William K. Hartpence with him on the brief), for the respondent.

LAUGHLIN, J.—Prior to the hearing on the objections challenging the qualifications of the executor filed by the appellant and others, legatees under the will of the testator, the appellant applied to the Surrogate's Court for an order for the examination of the executor on the issues presented by the objections with respect to his competency for the appointment for want of understanding, which is one of the grounds of incompetency specified in subdivision 5 of section 2564 of the Code of Civil Procedure. One of the questions sought to be presented for decision is whether the provisions of chapter 9, title 3, article 1, of the Code of Civil Procedure, with respect to examinations before trial are rendered applicable to such hearings in the Surrogate's Court, by the provisions of section 2770 of the Code of Civil Procedure, which have superseded the provisions of section 2538 of the Code of Civil Procedure, as it existed prior to 1914, and under which it was held that the general provisions of the Code of Civil Procedure with respect to examinations before trial are applicable to hearings in the Surrogate's Court. (Matter of Plumb, 64 Hun, 317; appd., 135 N. Y. 661.) The learned surrogate (95 Misc. Rep. 440) assigned as a ground for denying the application that the executor could be examined on the hearing, and such examination has been had, and appeals from the determination of the surrogate thereon have been argued with this appeal. (See 175 App. Div. 58, 62.) Therefore, in so far as this appeal presents that question, it is purely academic, and no opinion should be expressed thereon.

The appellant in the same application sought to obtain an

order for a physical examination of the executor on the same issues. That part of the application was denied for want of power. Assuming, without deciding, that the general provisions of the Code of Civil Procedure with respect to examinations before trial are applicable to the Surrogate's Court, they would not authorize a physical examination, for the authority for such examination is confined to an action for personal injuries. (Code Civ. Pro., § 873.)

It follows, therefore, that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., McLAUGHLIN, DOWNING and PAGE, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.