## SPRAGUE v. CURRIE et al.

(Supreme Court, Appellate Division, First Department. December 24, 1908.)

DISCOVERY (§ 31*)—EXAMINATION OF PARTIES BEFORE TRIAL—ISSUES.

Code Civ. Proc. § 872, subd. 4, provides that, to obtain an order for the examination of an adverse party before trial, an affidavit must be presented that the testimony of such person is necessary and material; and general practice rule 82 requires the affidavit to specify the facts which show that the examination is material and necessary. *Held* that, pending demurrer to the complaint and before any issue of fact had been joined, plaintiff could not obtain an order for the examination of defendants before trial on an allegation that the demurrer was interposed for delay.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 45; Dec. Dig. § 31.*]

Appeal from Trial Term, New York County.

Action by Harriet C. Sprague against Walter J. Currie and others, copartners doing business as Currie & Boyce. From an order denying a motion to vacate an order for the examination of two of the defendants before trial, defendants appeal. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Walter W. Irwin, for appellants.
Paul E. Jones, for respondent.

INGRAHAM, J. The complaint alleges that the defendants are copartners, carrying on business as stockbrokers in New York, and as such had in their possession certain stocks and bonds, the property of the plaintiff, which were held by the defendants as collateral security to secure an indebtedness of the plaintiff to the defendants of upwards of $9,000; that the plaintiff demanded that the defendants transfer these securities to another firm of stockbrokers upon payment of the debit balance, which then amounted to $8,815.95, and that the defendants delivered the securities aforesaid belonging to the plaintiff to said firm on the payment of such balance; that the defendants, prior to the 18th day of November, 1907, sold or converted to their own use some or all of the said securities belonging to the plaintiff;

and that for the purpose of making such delivery they repurchased or reacquired the same at lower prices, the dates and amounts of which are unknown to the plaintiff, whereby the defendants, while acting as brokers or agents for the plaintiff, realized or obtained secret profits, to the plaintiff unknown, which profits were concealed from the plaintiff and were never credited to her account. The judgment demanded is that the accounts between the plaintiff and the defendants be taken and stated, and that they be reformed by charging to the defendants and crediting to the plaintiff the value of any securities belonging to the plaintiff and converted by the defendants at the dates of the several conversions thereof. To this complaint the defendants demurred, which demurrer appears to have been undisposed of. The plaintiff then, upon an affidavit alleging that the demurrer was interposed for delay, asked for an examination of two of the defendants before trial.

It is clear that this order was not justified until there was an issue of fact to be tried. The examination of the defendants was not necessary to frame the complaint, as that had been served. It was not necessary for use upon a trial of an issue of fact, because there was no issue of fact to be tried. Subdivision 4 of section 872 of the Code of Civil Procedure provides that, to obtain an order for the examination of an adverse party before trial, an affidavit must be presented setting forth the name and residence of the person to be examined and that the testimony of such person is necessary and material for the party making such application; and by rule 82 of the general rules of practice the affidavit is required to specify the facts and circumstances which show that the examination is material and necessary. As from the complaint it would appear that there had been an accounting between the parties and the balance of account paid, the burden is probably upon the plaintiff to prove that this accounting was incorrect; and to prove that fact it may be necessary, when the case is at issue, to examine the defendants before trial. But until there is an issue of fact to be tried it cannot appear that the testimony of any particular witness would be material and necessary for either party to the action.

The order should therefore be reversed, with $10 costs and disbursements, and the motion to vacate the order for the examination of the defendants granted, with $10 costs. All concur.