FREAR v. DURYEA et al.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

1. DISCOVERY (§ 53*)—EXAMINATION BEFORE TRIAL—WHEN AUTHORIZED.
   Where a defendant has answered to the merits, and the demurrer to the complaint interposed by codefendant has not been disposed of, an application by plaintiff for the examination of codefendant and officers of defendant, a corporation, to enable him to prepare for trial and to frame an amended complaint, must be denied because premature.
   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 66; Dec. Dig. § 53.*]

2. DISCOVERY (§ 36*)—TESTIMONY OF ADVERSE PARTY BEFORE TRIAL—PURPOSES—PROCEEDINGS.
   An application for examination of a party to enable the adverse party to frame an amended pleading and to obtain testimony for use on the trial is properly denied because the two purposes may not be combined in one proceeding, but in each case the testimony must be material and necessary.
   [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

Appeal from Special Term, New York County.

Action by Hiram P. Frear against Franklin P. Duryea and another, constituting the firm of Duryea & Potter, and another. From an order denying a motion to vacate an order for examination before trial, certain of the defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Parker, Davis, Wagner & Walton, of New York City (Arnold L. Davis, of New York City, of counsel), for appellants.

Neu, Gilchrist & Spedick, of Brooklyn (Alfred J. Gilchrist, of Brooklyn, of counsel, and Jacob Neu, of Brooklyn, on the brief), for respondent.

CLARKE, J. Appeal from an order denying a motion on behalf of the defendants Ellis G. Potter and the E. G. Potter Company to vacate or modify an order for the examination of Ellis G. Potter in-

dividually and Potter and Hull, respectively, as president and treasurer of the defendant E. G. Potter Company, before trial, and requiring the production of a large number of books and papers.

The complaint alleges that on June 6, 1904, the defendants Duryea and Potter, then doing business under the firm name of Duryea & Potter, recovered ₒjudgment against one Burnett Y. Tiffany in the sum of $2,495.05; that such judgment is still of record in the name of Franklin P. Duryea and Ellis G. Potter and remains unpaid; that on December 29, 1904, Tiffany made and delivered to said Duryea & Potter his note for $2,477, payable one year from that date; that said note was given by Tiffany and accepted by Duryea & Potter in payment of the said judgment held by them; that the defendant E. G. Potter Company is a domestic corporation which took over and became possessed of all the business, assets, and property of the copartnership of Duryea & Potter, including the promissory note, and the judgment aforesaid, and assumed the liabilities of said firm; that thereafter E. G. Potter Company, then being a bona fide holder of such note, duly indorsed the same and delivered it to the plaintiff for a good and valuable consideration; that said note was indorsed, "Without recourse, Duryea & Potter, E. H. Potter, Treas., Edw. F. Hull, Sec., E. G. Potter Co., E. G. Potter, Prest., Edw. F. Hull, Treas."; that plaintiff has demanded payment of said note, and payment was refused by Tiffany on the ground that the judgment aforesaid has not been satisfied, and is still outstanding and of record against him, and that the judgment creditors therein have demanded payment of said judgment from him; that at the time of the indorsement and delivery by the defendant E. G. Potter Company of said note to this plaintiff he did not know of the existence of said judgment, and defendants concealed the existence of such judgment, and the fact that said note was given in payment thereof, for the purpose of inducing this plaintiff to accept this promissory note in part consideration of a certain cause of action which this plaintiff then and there had against said defendant E. G. Potter Company, and for the purpose of inducing him to discontinue the same, which plaintiff thereupon did; that, by reason of the premises, plaintiff has been hindered in the collection of said note, and has been advised by said Tiffany, and verily believes, that he will pay said note upon the satisfaction of said judgment or the assignment thereof to him; that plaintiff has requested the defendants to execute and deliver to plaintiff a satisfaction of said judgment or an assignment of the same to him, that upon payment of the note he may cancel and discharge the said judgment of record, and they have refused; that plaintiff is informed, and verily believes, that, if the defendants are permitted to enforce said judgment, he will be deprived of his rights and remedies on said note, and that such note so accepted by him is in satisfaction of his original claim against them; that plaintiff has no adequate and complete remedy at law, wherefore he prays the decree of this court; first, enjoining and restraining the defendants from in any way enforcing the judgment against Tiffany; second, directing the defendants to deliver up said judgment and as-

signment to plaintiff; and, third, for such other and further relief as the court may grant.

To this complaint the defendant E. G. Potter Company answered, setting up a general denial, except that it admitted that a suit brought by the plaintiff against it was discontinued, and that plaintiff has requested defendant for a satisfaction or assignment of said judgment which it has refused. The defendant Potter demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The defendant Duryea has not answered or demurred to the complaint, and is in default.

[1, 2] In the plaintiff's moving affidavit he avers that the testimony of the defendants is necessary and material to the plaintiff on the trial; that plaintiff will prove on said examination by each and every of said witnesses (and use such proof on the trial) that the defendant corporation, at the time of the indorsement and delivery of said note by said corporation to this plaintiff, was the true, lawful, and actual owner of said judgment; that the said note was given in payment of said judgment or for the same claim for which said judgment was recovered; that the witness Potter, as president and the witness Hull as treasurer of the E. G. Potter Company, concealed the fact that said judgment was recovered on the same claim and for the same amount for which the said note was afterwards given; and that said judgment was of record and outstanding, which judgment the defendants did not disclose to plaintiff when he accepted the note in part consideration for the discontinuance of said action by plaintiff, and which judgment the defendant Potter as one of the firm of Duryea & Potter is now seeking to collect from the trustee in bankruptcy of said Tiffany wherein said judgment was proved as a claim of said firm of Duryea & Potter against Tiffany's estate. He further avers that:

"This testimony is material and necessary to plaintiff, not only to enable him to prepare for the trial of this action, but in order to enable to frame an amended complaint herein as the defendant Potter has demurred to the complaint as aforesaid, denying several material allegations of the complaint."

He also asked for the inspection, examination, and production of the books of account of the defendant corporation "which will furnish him with such additional information as is material and necessary for him to establish his cause of action herein, and prepare for the prosecution of this action, and frame his amended complaint, as aforesaid." If this case were in a position to be tried and the moving papers contained proper averments, the plaintiff would be entitled, we think, to an order for examination before trial. But the defendant corporation has answered while one of the defendants has demurred, and the moving affidavit has jumbled together as reasons for an examination, a desire to prepare for prosecution, a suggestion that the testimony is to be used upon the trial, and an intention to frame an amended complaint. The rules governing an application for examination to enable parties to frame pleadings differ from those controlling the obtaining of testimony to be used upon the trial. But in each case the testimony must be material and necessary. It

is obvious that the two purposes may not be combined in one proceeding. There is an issue of law raised by the demurrer. When that is decided, a proper proceeding for examination may be instituted to fit the case. The present proceeding seems anticipatory, and is certainly premature.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, without prejudice to a renewal of the motion as indicated. All concur.