ARNOLD  C.  HANSEN,  Appellant,  v.  GRIGORI  BENENSON, Respondent.

First Department, June 3, 1921.

Depositions — examination of plaintiff before trial — examination denied where plaintiff bound to prove all matters on which defendant can examine — examination denied as to counterclaim where issue not joined thereon.

In an action to recover upon a *quantum meruit* a balance alleged to be due for personal services claimed to have been performed by the plaintiff for the derendant, in which the defendant interposed a counterclaim to which the plaintiff demurred, an application by the defendant before the demurrer to the counterclaim was disposed of and issue joined thereon

for an examination of the plaintiff is premature, since the plaintiff must prove all the matters upon which the defendant can examine him·under the pleadings as they stand and he has no right to examine the plaintiff concerning the counterclaim since the issues with reference thereto have not been fixed.

APPEAL by the plaintiff, Arnold C. Hansen, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of March, 1921, denying plaintiff's motion to vacate an order for his examination before trial.

*Isadore Shapiro* of counsel [*Frank M. Swacker*, attorney], for the appellant.

*Abraham Tulin*, for the respondent.

MERRELL, J.:

The action is to recover upon a *quantum meruit* a balance of $112,990.77 for personal services claimed to have been performed by the plaintiff for the defendant. It is claimed in the complaint that the defendant, a subject of Russia and residing in England, owned 21,000 ounces of platinum in Vladivostok, Russia, which the defendant desired and planned to sell in the United States; that at the special instance of the defendant the plaintiff took charge of and arranged for the insurance and transportation of said platinum from Vladivostok, Russia, to New York city, and that the plaintiff thereafter disposed of the same for and at the request of the defendant to the United States government for an aggregate sum of $2,013,261.40; that plaintiff's services in relation thereto continued from September 29, 1917, to July 25, 1919, when the plaintiff accounted fully to the defendant. The complaint further alleges that the defendant accepted the plaintiff's labor and services and was greatly benefited thereby and profited by reason thereof to the amount of about $500,000; that by reason of the foregoing plaintiff alleges his services were worth $120,795.68, no part of which has been paid, except a credit of $7,804.91.

The answer denies the material allegations of the complaint, and alleges by way of separate defense that the plaintiff was at all times mentioned in the complaint the agent in New York of the Russian and English Bank, a Russian

banking corporation, and also of G. Benenson & Company, Ltd., a British corporation, and that whatever services he rendered in connection with said platinum were rendered, not for the defendant personally, but for said bank and said corporation, and that he had been fully paid therefor prior to the commencement of the action. By way of counterclaim the defendant alleges that the plaintiff obtained various and sundry sums of money, aggregating $43,058.26, from said Russian and English Bank and said British corporation to pay his expenses as New York agent for them, and that plaintiff converted said moneys to his own use and has retained the same unlawfully, and has never accounted therefor, and that the defendant has received by assignment from said bank and said British corporation all their rights, title and interest to said moneys. Judgment is prayed for upon said counterclaim in the amount thus alleged to have been received by said plaintiff.

Issue has never been joined upon the counterclaim, but a demurrer thereto was interposed on March 1, 1921, which has not been as yet disposed of.

It seems to me clear that the defendant's application for an examination of the plaintiff is entirely premature. So far as I am able to discover the plaintiff must prove all of the matters upon which the defendant can examine him in the present state of the pleadings. The action is not yet at issue as to the defendant's counterclaim, and, therefore, the examination of the plaintiff with reference thereto is premature. As the pleadings stand, there is no issue of fact to be tried with reference to said counterclaim. No necessity for an examination of the plaintiff appears except to enable the defendant to prove his counterclaim, and the issues with reference thereto have not as yet been fixed. (*Sprague* v. *Currie*, 129 App. Div. 365; *Frear* v. *Duryea*, 151 id. 687, 690.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.