Estro Chemical Co., Inc., Respondent, *v.* Harriet V. Falk, Appellant.

*Per Curiam.* The release, though general in form, concededly covers the claim in this action. At the time it was given by plaintiff to defendant there was neither economic pressure nor inequality of bargaining power nor lack of freedom on plaintiff's part to dispose of its claim as it saw fit. It was not compelled to give the release. After demand was made by its attorney for the return of the alleged excess rent, plaintiff agreed that it would drop the claim. Plaintiff then had a lease with defendant which had over two years to run. It could not have been dispossessed and there was entire freedom of contract at the time the release was voluntarily given. Absence of consideration for the release did not make it invalid (Personal Property Law, § 33, subd. 2; Real Property Law, § 279, subd. 1).

Defendant was entitled to summary judgment. The order is accordingly reversed, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint under rule 113 is granted and judgment is directed to be entered herein dismissing the complaint.

Peck, P. J., Glennon, Dore, Cohn and Van Voorhis, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted, and judgment is directed to be entered dismissing the complaint herein, with·costs.

Mary Fahrney, Appellant, *v.* Joseph J. Eller, Respondent. (4161, 4162.)

Shientag, J. (dissenting). I dissent. If the plaintiff is to be examined before trial, at this time, no reason has been shown why such an examination should not be had after the conclusion of the defendant's examination before trial.

In the absence of special circumstances, the plaintiff should have the right to examine first. The fact that defendant moved for an examination before trial a week before the plaintiff made a similar motion does not warrant a departure from this practice particularly where plaintiff's motion was originally returnable March 20, 1950, and defendant's motion was originally returnable on April 11, 1950, and where both motions were ultimately submitted to the court at the same time. I see no reason for applying any so-called "first come, first served" rule to a situation such as is here presented.

(4161.) Peck, P. J., Cohn, Callahan and Van Voorhis, JJ., concur in decision; Shientag, J., dissents in opinion. (4162.) All concur.

(4161.) Order, so far as appealed from, affirmed. No opinion. (4162.) Order affirmed. No opinion. The date for the examination to proceed shall be fixed in the order. Settle order on notice.