EUGENE A. HEGY, Respondent, v. WILLIAM A. WHITE & SONS et. al., Appellants.

SHIENTAG, J. (concurring). I concur in the result here reached in view of the special circumstances presented in this case. I wish to point out, however, that the question as to whether the plaintiff or the defendant shall first be examined before trial is one which primarily rests within the sound discretion of the Special Term. The case of *Dorros, Inc.,* v. *Dorros Bros.* (274 App. Div. 11) which gave to a defendant in commercial litigation a general right of examination before trial as broad in essence as that possessed by a plaintiff (and not limited to matters concerning which the defendant had the burden of proof or of proceeding) in no way indicates who is entitled to priority of examination. Ordinarily, and in the absence of special circumstances, the plaintiff who has the burden of proof on the entire case is entitled to examine the defendant before the latter proceeds with his examination before trial of the plaintiff. Ordinarily also, the priority of examinations before trial, as between plaintiff and defendant, will not be determined on the basis of who made the first application, particularly when both applications come on to be heard at the same time. A lawsuit is not a game or a race between litigants for pretrial relief.

Glennon, J. P., Dore, Cohn and Callahan, JJ., concur in decision; Shientag, J., concurs in the result, in opinion.

In the light of the facts in this case we think defendants should have the right to examine the plaintiff before plaintiff examines defendants. Orders unanimously modified accordingly and, as so modified, affirmed, with one bill of $20 costs and disbursements to defendants-appellants. Settle order on notice.