CHARLES PUNIA et al., Appellants-Respondents, *v.* DRY DOCK SAVINGS BANK, Respondent-Appellant.

First Department, July 1, 1952.

*Henry N. Ess, III,* and *Marvin Schwartz* of counsel (*Sullivan & Cromwell,* attorneys), for appellants-respondents.

*Edward J. McGratty, Jr.,* of counsel (*Davis Polk Wardwell Sunderland & Kiendl,* attorneys), for respondent-appellant.

*Per Curiam.* Each side in this lawsuit served a notice of examination before trial to take the deposition of the other side pursuant to section 288 of the Civil Practice Act. Plaintiffs' notice was served before the action was at issue. Defendant's notice was served with the answer. We would not be inclined to disturb the disposition made by Special Term concerning the topics of either examination, and would affirm, except for the

established rule that applications for examinations before trial made before the action is at issue are vacated as premature, with leave to renew (*Lewisohn Bros.* v. *Muller,* 6 App. Div. 459; *Fleet* v. *Cronin,* 5 App. Div. 48; *St. John* v. *Buckley,* 39 App. Div. 629; *Sprague* v. *Currie,* 129 App. Div. 365; *Diefendorf* v. *Fenn,* 125 App. Div. 651; *Matter of Moto Bloc Import Co.,* 140 App. Div. 532, 535; *Frear* v. *Duryea,* 151 App. Div. 687; *Matter of Wood* v. *Wilson,* 167 App. Div. 896; *Hansen* v. *Benenson,* 197 App. Div. 594; *Welsh* v. *Cowles Shipyard Co.,* 200 App. Div. 724; *Mackay, Lovell & Co.* v. *Dillon,* 215 App. Div. 842; *Kardonsky* v. *Tozzi,* 217 App. Div. 753). The subsequent service of an answer does not validate the premature notice of examination.

The examination of plaintiffs by defendant is therefore the only one which is at present pending, and defendant's examination of plaintiffs will of necessity proceed first.

Although where other considerations are evenly balanced, the party first demanding the examination may well proceed first (cf. *Bough* v. *Lee,* 28 F. Supp. 673; *Grauer* v. *Schenley Products Co.,* 26 F. Supp. 768; *Producers Releasing Corp. De Cuba* v. *PRC Pictures,* 8 F.R.D. 254; *Modigliani Glass Fibers* v. *Glasfloss Mfg. Co.,* 7 F.R.D. 647; *Isbrandsten* v. *Moller,* 7 F.R.D. 188; *Mutual Finance Corp.* v. *Sobol,* 7 F.R.D. 111 under rule 26 of the Federal Rules of Civil Procedure), it is not possible to lay down an invariable rule.

On plaintiffs' appeal, the order should be affirmed; on defendant's appeal the order should be reversed so as to vacate the notice of examination before trial served by plaintiffs, upon the ground that it was prematurely served before joinder of issue. As so modified the order should be affirmed, with $20 costs and disbursements to defendant.

CALLAHAN, J. P., VAN VOORHIS, HEFFERNAN and BERGAN, JJ., concur.

On plaintiffs' appeal the order is unanimously affirmed; on defendant's appeal the order is unanimously reversed so as to vacate the notice of examination before trial served by plaintiffs, upon the ground that it was prematurely served before joinder of issue. As so modified the order is affirmed, with $20 costs and disbursements to the defendant. Settle order on notice.