Erna H. Cudlipp, Plaintiff, v. Carl H. Watson, Defendant.

Supreme Court, Special Term, Nassau County, November 14, 1952.

*George J. Rudnick* for plaintiff.

*Earl Q. Kullman* for defendant.

COLDEN, J.   On August 19, 1952, the defendant served his answer and simultaneously therewith a notice, pursuant to rule 121-a of the Rules of Civil Practice, to examine the plaintiff before trial before a Justice of this court at the County Court House on September 22, 1952.

No motion to limit or modify said notice was made by the plaintiff, nor did she elect to examine the defendant before trial by cross notice as she might have done under said rule.   Instead, on August 28, 1952, she served a notice of motion, returnable September 3, 1952, for an order directing the examination of the defendant before trial as an adverse party and the production by him of certain books, records and papers to be used in accordance with section 296 of the Civil Practice Act.

At the outset, the court is of the opinion that there is no merit to the plaintiff's contention that the defendant's notice, served on August 19, 1952, simultaneously with his answer, was not timely, because rule 121-a provides that the notice be served " at any time *after* the service of an answer " (emphasis sup-

plied). The quoted language, reasonably construed, merely means that no examination before trial may be initiated until issue has been joined. To construe it otherwise would be to exalt form over substance; it would be incongruous to say that a notice of examination, handed to an attorney with the answer of the defendant, is improper, but separately served a few moments after service of the answer is proper.

The basic question posed is: May the plaintiff, after a notice to take her deposition pursuant to rule 121-a has been served upon her, seek precedence of examination by moving for an order to take the deposition of the defendant under the practice which prevailed prior to the adoption of rule 121-a?

The answer must be in the affirmative. The new rule permits, but does not compel, the party to be examined to initiate his examination of the other party by the service of the cross notice provided by said rule. Were he under compulsion to do so, the rule would be inconsistent with so much of section 292 of the Civil Practice Act as provides that " A party entitled to take testimony by deposition may obtain an order of the court therefor in the first instance, instead of proceeding by notice." Such inconsistency would to that extent render the rule invalid since the authority to make rules of practice is found in section 83 of the Judiciary Law, which expressly provides that the rules adopted by a majority of the justices of the appellate division of the four departments may not be " inconsistent with any statute ". (*Broome Co. Farmers' Fire Relief Assn.* v. *New York State Elec. & Gas Corp.,* 239 App. Div. 304, affd. without opn. 264 N. Y. 614.)

The fact, however, that the plaintiff herein has properly moved for an order to examine the defendant before trial does not, *ipso facto,* afford precedence to any examination which may be ordered over one previously initiated by the defendant by service of a notice in accordance with rule 121-a. While it is not possible to lay down an invariable rule, the cases seem to hold that minus a showing of special circumstances the party first demanding the examination may be the first to proceed. (*Punia* v. *Dry Dock Sav. Bank,* 280 App. Div. 431; *Hegy* v. *White & Sons,* 279 App. Div. 738; *Fahrney* v. *Eller,* 278 App. Div. 635.) Since the affidavit in support of the plaintiff's motion contains no facts establishing special circumstances, no basis exists for a departure from the general rule. The examination to be granted to the plaintiff shall accordingly proceed at the conclusion of her examination by the defendant, pursuant to his notice served on August 19, 1952.

The defendant will be examined as to items 2, 5, 6, 9, 13, 14 and 15. Items 1, 3, 4, 10, 17 and 18 are denied as improper or otherwise unnecessary. Item 7 is modified by deleting therefrom the phrase " just, fair and adequate." Item 8 is modified by deleting therefrom the phrase " beyond the fair measure of compensation." Item 11 is modified by deleting therefrom all language following the word " information " on the second line. Item 12 is modified to read as follows " As to the defendant's representations to the plaintiff with respect to the financial condition of the corporation." Item 16 is modified to permit examination only in respect to the facts alleged in paragraph 20 of the complaint, which have not been admitted by paragraph XV of the answer. The defendant will be required to produce at such examination the books, papers and documents relevant and material to the items allowed to be used in accordance with section 296 of the Civil Practice Act. The examination granted as aforesaid, however, will be stayed unless the plaintiff complies with the demand served pursuant to practice rule 9-a which is the subject of the defendant's cross motion already granted on the argument.

Settle orders on notice.