ADELAIDE NEUWIRTH, Appellant, and RUTH D. SALMON et al., Interveners, Appellants, v. HANS WYMAN et al., Respondents.— Order denying the motion of plaintiff Neuwirth and intervener Salmon to vacate or modify the notice of examination unanimously affirmed. The order denying a similar motion made by the other intervener plaintiffs is unanimously affirmed only as to those intervener plaintiffs who are residents of the city of New York and otherwise modified as follows: The intervener plaintiffs residing outside the city may be examined at their respective places of residence upon written interrogatories, as provided in section 302 of the Civil Practice Act and the Rules of Civil Practice applicable to such examinations. At the option of the defendants-respondents, upon payment by them of traveling and other expenses involved, any of said intervener plaintiffs may be examined in the borough of Manhattan as provided in the order appealed from. Lastly, if defendants-respondents so elect, the testimony of any intervener plaintiffs may be taken at their place of residence upon open commission. In such event the necessary disbursements of the attorneys for both sides in attending upon the examination shall be paid by the defendants-respondents. Settle order on notice. Present — Callahan, J. P., Breitel, Bastow, Botein and Bergan, JJ. [See 283 App. Div. 708.]

ANNIE BRENAN, Appellant, v. MOORE-MCCORMACK LINES, INC., Respondent, et al., Defendants.— Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements to the respondent. As a general rule the examination of a defendant in a tort action for personal injuries or death should proceed after the conclusion of defendant's examination of plaintiff. (Cf. *Fahrney* v. *Eller,* 278 App. Div. 635.) The date for the examination to proceed shall be fixed in the order. Settle order on notice. Present — Callahan, J. P., Breitel, Bastow, Botein and Bergan, JJ.