John D. Bennett, S.
In this probate proceeding one'of the executors objects to the jurisdiction of the court, claiming that at the time of the decedent’s death, she was domiciled in and a resident of the County of Kings.
He presently seeks by motion an examination before trial as to all the facts and circumstances relating to the residence of the of the decedent during the year prior to the date of her death.
The proponent and coexecutrix, in opposition to the motion for an examination, contends that the examination before trial should not be allowed prior to joinder of issue by service of an answer or objections to probate. The opposition to this motion is well taken. The present objection to this probate proceeding is merely a preliminary issue. It is the practice of this court to dispose of these preliminary issues prior to the actual contest, if any, and as expeditiously as possible.
It is the well-established rule that applications for examinations before trial are premature if made before the action is at issue (Punia v. Dry Dock Sav. Bank, 280 App. Div. 431 and cases cited therein).
In Matter of Carll (201 Misc. 829) the court stated, at page 835: ‘ ‘ The examination sought by the widow under section 288 of the Civil Practice Act, in advance of the service of her answer is premature, and is not necessary to enable her to file objections. Until service of such answer and objections, and issue joined, the widow cannot be said to be a contestant (cf. Union Trust Co. of Rochester v. Conway, 238 App. Div. 764; Mackay, Lovell & Co., v. Dillon, 215 App. Div. 842, and Kardonsky v. Tozzi, 217 App. Div. 753).”
Section 288 of the Civil Practice Act makes the taking of an examination before trial subject to such examination being material and necessary in the prosecution or the defense of the “ action ”. However, there is no “ action ” pending unless and until either an answer or objections are interposed to the probate proceeding (Matter of Alderdice, 198 Misc. 5). The only matter before the court is merely a preliminary question as to residence. This in no way is a joinder of issue on the matter of the probate proceeding itself. Accordingly the motion for an examination before trial is hereby denied.
The question of the residence of the decedent as a preliminary issue will be set down for trial on the 29th day of January, 1958 at 11:00 a.m.
Settle order on five days’ notice.