■ HARRY S. SAMUELS, Appellant, v. ALEXANDER P. HIRSCH et al., Respondents.— In an action to recover, *inter alia*, the commission due plaintiff, a lawyer, by reason of his claimed performance of a contract between him as a business broker and the individual defendants Hirsch who owned and controlled the defendant corporation, Welbilt Stove Co., Inc., pursuant to which he (plaintiff) agreed to find a publicly owned corporation which said individual defendants could acquire by purchase of its capital stock or by merger, consolidation or exchange of stock with the said defendant corporation, plaintiff appeals — as limited by his brief — from so much of two orders of the Supreme Court, Queens County, dated respectively July 14, 1960 and September 14, 1960, as are adverse to him. As to the first order, plaintiff's appeal (Appeal No. 1) is from those portions which grant defendants' motion to vacate his notice, dated May 6, 1960, to examine them before trial; which deny his first cross motion to examine them before trial pursuant to an order of the court; and which deny his second cross motion to the extent that it seeks priority over them in the conduct of his examination before trial. As to the second order, plaintiff's appeal (Appeal No. 2) is from those portions which deny his motion to vacate defendants' notice, dated July 11, 1960, to examine him before trial; which direct him to submit to such examination on a specified date and to produce his books and records; which deny his motion to vacate in its entirety the defendants' demand, dated July 11, 1960, for his bill of particulars; and which direct him to serve his bill in response to such demand as modified. Plaintiff's motion to vacate defendants' notice of examination was made on the grounds that such notice is improper and that he is entitled to priority in the conduct of his examination of them. The appeals from both orders have been consolidated and heard on one record. Order, dated July 14, 1960, modified as follows: (1) by striking out the first decretal paragraph which grants defendants' motion to vacate plaintiff's notice of examination before trial, and which vacates such notice; (2) by substituting therefor a paragraph denying such motion to vacate plaintiff's notice of examination, and directing that the examination of the defendants pursuant to such notice shall proceed on 10 days' notice or at such other time as may be mutually fixed by the parties; (3) by striking out the second decretal paragraph which denies plaintiff's first cross motion for an order to examine defendants before trial; (4) by substituting therefor a paragraph denying such motion as academic since plaintiff is authorized to proceed under his notice of examination; (5) by striking out the seventh or last decretal paragraph which denies plaintiff's second cross motion insofar as he sought

priority of his examination of the defendants; and (6) by substituting therefor a paragraph granting such cross motion to that extent and directing that plaintiff shall begin and complete his examination of the defendants before they shall be permitted to examine him. As so modified, the said order of July 14, 1960, insofar as appealed from, is affirmed, with $10 costs and disbursements to plaintiff. Order, dated September 14, 1960, modified as follows: (1) by striking out from the second decretal paragraph the provision directing plaintiff to appear for examination on a specified date and hour; (2) by substituting therefor a provision directing plaintiff to appear for such examination either on 10 days' notice given to him by defendants after the completion of his examination before trial of them, or on any other date mutually fixed by the parties after the completion of plaintiff's examination of the defendants; (3) by adding to the fifth decretal paragraph, which presently modifies the defendants' demand for a bill of particulars to the extent of striking out portions of certain items in such demand, a provision further modifying such demand by striking therefrom the last sentence of Item 2 and the last sentence of Item 3 (c); (4) by striking out from the seventh or last decretal paragraph the provision specifying the time within which plaintiff shall serve his verified bill of particulars in response to defendants' demand as modified; and (5) by substituting therefor a provision directing that, in response to defendants' demand as modified, plaintiff shall serve his verified bill of particulars within 30 days after entry of the order hereon. As so modified, the said order dated September 14, 1960, insofar as appealed from, is affirmed, with $10 costs and disbursements to plaintiff. With respect to a notice of examination before trial served by a plaintiff after his receipt of an answer containing a general denial and affirmative defenses, it is not mandatory that such notice shall be vacated on the grounds: (1) that an order had been previously made granting in part the plaintiff's motion addressed to portions of the affirmative defenses and granting leave to the defendants to serve an amended answer repleading certain defenses; and (2) that the time to serve the amended answer pursuant to said prior order had not expired when plaintiff's notice of examination was served (see, e.g., Rules Civ. Prac., rule 121-a; *Tollis* v. *New York, New Haven & Hartford R. R.*, 282 App. Div. 885; *Punia* v. *Dry Dock Sav. Bank*, 280 App. Div. 431). In the absence of a showing of special circumstances, the party first demanding an examination before trial should be the first to proceed (*Cudlipp* v. *Watson*, 202 Misc. 832). In our opinion, also, the last sentence of Item 2 and the last sentence of Item 3 (c) of defendants' demand for a bill of particulars, call for an unnecessary disclosure of evidence. Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur.