■ JEAN PAKTER, Also Known as JEAN BACHMAN, et al., Respondents, v. ELI LILLY AND COMPANY, Appellant.—Resettled order entered March 22, 1963, granting in part plaintiffs' motion to modify defendant's demand for a bill of particulars and denying defendant's cross motion to vacate plaintiffs' notice of eaxmination before trial of defendant, modified, on the law and on the facts, by providing that the examination shall be in Indianapolis, Indiana, and, at the election of the plaintiffs, shall be by written interrogatories or open commission. (*Bodenstadt* v. *Parke, Davis & Co.,* 1 A D 2d 670.) If plaintiffs elect the latter, the parties shall pay their respective expenses which may be taxed as costs by the party prevailing. The order is further modified by granting defendant's cross motion for priority of examination of plaintiffs, and, as so modified, affirmed, without costs. It was an unwise exercise of discretion to require defendant to pay the expenses of the examination. In the circumstances, defendant's notice therefor having been first served, its examination of plaintiffs should precede the examination of defendant. (*Punia* v. *Dry Dock Sav. Bank,* 280 App. Div. 431.) On priority of depositions generally, see rule 3106 of the Civil Practice Law and Rules. Concur — Rabin, McNally, Stevens and Eager, JJ.; Breitel, J. P., dissents in the following memorandum: The modification is an unwarranted interference with the exercise of discretion by Special Term, especially as to the matter of priority of examinations. Moreover, it is judicially uneconomic to make appellate readjustment in the procedural arrangements of a case unless there has been an abuse of discretion resulting in substantial injustice. Accordingly, the order should be affirmed. Settle order on notice.