John D. Bennett, S.
This is a motion to reargue that portion of the decision of August 5,1964, which denied the examinations before trial of Percy Johnson and Keal Kaufman as witnesses pursuant to CPLR 3101 (subd. [a], par. [4]).
The applications in question having been made prior to the filing of objections and the joinder of issue were denied as being premature (Punia v. Dry Dock Sav. Bank, 280 App. Div. 431).
The respondent cites CPLR 3106 as authority for the allowance of an examination to a respondent without the necessity of filing objections to the account.
While the court is in agreement that this practice is feasible in the Supreme Court since the complaint or cause of action pleaded will sufficiently define the materiality and relevancy of the areas of examination permissible, to allow the same in an accounting proceeding would lead to an inevitable ‘ fishing-expedition ” without limitations. Section 316 of the Surrogate’s Court Act makes the procedure in the Supreme Court applicable to Surrogates’ Courts “so far as they can be applied to the substance and subject matter of a proceeding without regard to its form ” (italics supplied) (Surrogate’s Ct. Act, § 316; see, also, CPLR 101). It is the court’s opinion that to apply CPLR 3106 literally to an accounting proceeding, would do violence to I lie. requirement that, disclosure be limited to matter» ■material and necessary in the action or proceeding (CPLR 3101, subd. [a]).
Until objections are filed to an account which may cover an extended period of years, nothing is material and relevant until objected to. The requirement that objections should first be filed narrows the issues and consequently the area of examination. The record in Matter of Bernstein (19 A D 2d 897 [2d *152 Dept.]) is a prime example of the evils that would follow unlimited examinations prior to the filing of objections.
The respondent, under section 263 of the Surrogate’s Court Act, of course, has an unlimited opportunity to examine the fiduciary as to the entire account prior to the filing of objections.
The motion to reargue is granted and upon reargument the court adheres to its original decision.