940

■ ANGELINA A. MIRABELLA et al., Appellants, v. CITY OF NEW YORK, Respondent.— Appeal from judgment dismissing the complaint for failure of the plaintiff to ,proceed to trial, dismissed, with $50 costs to respondent. (See *Stehlik* v. *City of New York*, 22 A D 2d 777.) Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.

■ In the Matter of GEORGE F. O'NEILL et al., Respondents, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Appellants.— Order entered June 7, 1965, directing reinstatement of petitioner's real estate broker's license, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to respondents-appellants, and the petition dismissed. Petitioner was convicted of a felony within the meaning of section 440-a of the Real Property Law when placed on two years' probation after being found guilty of perjury notwithstanding the fact that imposition of sentence was suspended by the court. Upon such conviction the revocation of his real estate broker's license was proper. (*Matter of Robinson* v. *Board of Regents*, 4 A D 2d 359, 360, mot. for lv. to app. den. 3 N Y 2d 708; *De Veau* v. *Braisted*, 5 A D 2d 603, affd. 5 N Y 2d 236, affd. 363 U. S. 144; *Matter of Weinrib* v. *Beier*, 294 N. Y. 628; see, also, *Matter of Keogh* v. *Wagner*, 20 A D 2d 380, affd. 15 N Y 2d 569.) Concur — Rabin, J. P., McNally, Stevens, Eager and Witmer, JJ.

■ J. C. PENNEY PURCHASING CORPORATION, Appellant, v. WILLIAM E. CONNOR, Respondent.— Orders entered on May 4, 1965 providing for examination of defendant before trial under certain conditions and circumstances modified on the law and the facts and in the exercise of discretion to deny protective order and to direct defendant to appear for examination on a day to be selected by him within six months of the entry of the order, and as so modified affirmed, without costs or disbursements. Defendant is an American currently residing in Japan. He has business and other interests here and has hitherto made trips to this city at regular intervals of approximately six months. His affidavit seeking a protective order merely states that he has no present plans to come to the United States. It does not state that he intends to discontinue the practice he has adopted. It does not appear that a direction for him to appear within a period that included his customary visits will put any undue burden on him. Settle order on notice. Concur — Valente, J. P., McNally, Eager and Steuer, JJ.

■ DAVID WILLIAMS, Respondent, v. H. R. WEISSBERG CORPORATION, Appellant.— Order entered August 9, 1965, directing defendant. to appear and submit to oral examination, unanimously modified, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant, to the extent of requiring the bill of particulars to be served prior to the examination before trial of defendant, and, as so modified, affirmed. Plaintiff noticed his examination before defendant answered purportedly pursuant to CPLR 3106. He was enabled to do this because defendant obtained an extension of time to answer. Thus, 20 days elapsed since service of the complaint. Plaintiff should not be allowed by this tactic to overcome defendant's prior right to examine or to have a bill of particulars. In this connection the 20-day provision is the equivalent of the time to answer. (*Mastro Plastics Corp.* v. *Emenee Inds.*, N. Y. L. J., April 17, 1964, p. 14, col. 4.) Settle order on notice. Concur — Valente, J. P., McNally, Eager and Steuer, JJ.