■ SIGURD KRAFT, Respondent, v. TRUSTEES OF SAILORS' SNUG HARBOR, Appellant.— Appeal from related orders dated August 22, 1968. The order denying plaintiff's motion to strike defendant's answer is unanimously modified to the extent that such denial was based on defendant's appearance for examination on September 10, 1968 pursuant to the notice served upon it. The order based on defendant's motion is unanimously modified to the extent it denies defendant's motion for a protective order and fails to grant defendant priority of examination. Such modifications are on the law, on the facts and in the exercise of discretion, without costs or disbursements. The extension of time to answer in no way limited the defendant's priority of examination. Without an order, plaintiff may not serve such a notice before the expiration of defendant's time to answer notwithstanding 20 days may have elapsed since the service of the complaint. We have so held. (*Fund of Funds* v. *Waddell & Reed*, 26 A D 2d 809; *Williams* v. *Weissberg Corp.*, 24 A D 2d 940.) Additionally, it is observed that plaintiff's notice is improper in that plaintiff noticed the examination of "Frank Hickock, Director, as adverse party." Assuming plaintiff's notice is construed as applying to defendant, it should be noted defendant has, in the first instance, the choice by whom it will be examined. Costs and disbursements are not awarded because it appears that inadvertence played a significant part in this contretemps between attorneys. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Nunez, JJ.