Alexander Del Giorno, J.
In these two motions, claimant seeks a protective order vacating the defendant’s notice of examination and an order granting its own motion for an examination before trial. At issue here are the questions of priority of examinations before trial and the definiteness and permissibility of predicating an examination before trial on the demand for, and therefore the service of, a bill of particulars.
Notice of claim was filed on September 18, 1969 and five days later, on September 23,1969, claimant, on the basis of an annexed affidavit, moved for an examination before trial of such officers and employees of the defendant as have knowledge of the facts as well as for the production of any. documents in the hands of the defendant for use pursuant to article 31 of the CPLR.
On October 3, 1969, 15 days after the filing of the notice of claim, the defendant served upon the claimant a notice of examination before trial in which the return date was set at “ 2 o’clock in the afternoon of a day that is ten days after the *698 filing and service of a proper bill of particulars ”. A demand for a bill of particulars was in fact served on the claimant on October 10, 1969.
On October 15, 1969, claimant’s motion for an examination before trial was granted after argument, provided that ‘ ‘ the State shall not be examined until at least fifteen days after receipt of a Bill of Particulars, to be served by the claimant upon a Demand already filed and served ”. At that time the court reserved decision on the question of priority of examination before trial and requested the submission of additional memoranda of law on the subject. On November 5, 1969, decision was also reserved on claimant’s motion for a protective order against the State’s notice of examination.
Claimant’s arguments in favor of priority of examination are basically threefold. The first objection, raised on oral argument, is that the normal rules of priority are inapplicable. CPLR 3106 (subd. [a]) provides as follows: “ (a) Normal priority. After an action is commenced, any party may take the testimony of any person by deposition upon oral or written questions. Leave of court, granted on motion, shall be obtained if notice of the taking of the deposition of a party is served by the plaintiff within twenty days after service of the complaint.” (Emphasis added.)
Thus the statute contains a built-in priority in i/-,vor of the defendant since the claimant must move before ie court if within 20 days after commencement of the action he wishes to serve notice of an examination before trial.
Claimant argues that this priority is inapplicable, thereby giving him priority as first movant, since the 20 days are provided only to give the defendant time to serve a proper answer without fear of losing his right to priority of examination for failure to immediately serve notice of an examination before trial. Claimant argues that since rule 13 of the Rules of the Court of Claims (22 NYCRR 1200.14) provides that the State need not answer a claim, all allegations therein being treated as denied, the necessity of the 20-day priority in favor of the defendant has been obviated on the ground that issue was joined upon filing of the claim.
Such a construction is contrary to both the intent and express language of the statute. The reason underlying the built-in priority is that ‘ ‘ the defendant is blameless until the plaintiff proves him otherwise; therefore, in the absence of special circumstances, he should be given the chance to examine first in order to find out what the case is about.” (3 Weinstein-KornMiller, N. Y. Civ. Prac., par. 3106.02.) The courts of New York *699 have liberally effectuated, this intent to guarantee the defendant priority in situations even where time to answer has been extended beyond the 20-day period. (See, e.g., Mastro Plastics Corp. v. Emenee Ind., N. Y. L. J., April 17, 1964, p. 14, col. 4 [plaintiff served summons in a manner allowing defendant 30 days to answer]; Williams v. Weissberg Corp., 24 A D 2d 940 [plaintiff stipulated an extension of defendant’s time to answer] ; Fund of Funds v. Waddell & Reed, 26 A D 2d 809 [defendant made a corrective motion extending his time to answer].) This defendant cannot be presumed any the less blameless simply because it need not file an answer.
Claimant’s novel argument also overlooks the plain wording of the statute. CPLR 3106 (subd. [a]) requires the plaintiff to seek court permission, in order to serve notice of an examination before trial, only if he attempts to serve such notice “ within twenty days after service of the complaint.” (Italics supplied.) Thus, service of the complaint and not joinder of issue is the key to the computation of the 20-day period. Had the draftsmen of the code intended the built-in priority of CPLR 3106 (subd. [a]) to apply only in the event that an answer was required, they could easily have inserted language that would permit the construction desired by the claimant.
In addition, this court cannot believe that the State, having waived its sovereign immunity, is now to be placed in such a disadvantageous position as to be denied the same reasonable period of time that is available to any other defendant in every other court in the State of New York. Besides, even though issue is joined on the mere filing of the notice of claim, the State, pursuant to rule 14 of the Court of Claims (22 NYCRR 1200.15), can, within 20 days after the filing of the notice, serve a counterclaim. Implicit in this is the continued existence of the right of priority of examinations before trial, even though service of an answer is unnecessary.
Claimant’s second contention in favor of priority of examinations before trial vacillates between two positions. One is that the claimant has the right to obtain priority on mere motion, while it alternatively argues that a motion coupled with special circumstances, which have here been shown, entitle claimant to priority. The court rejects the first alternative on the law and the second on the facts. To assume that the court has no discretion in these matters and to require the defendant to submit to an examination on mere motion by the claimant without any showing of special circumstances would emasculate the intent of the statute.
*700 Furthermore, we reject claimant’s alternative contention of a satisfactory showing of special circumstances. Claimant alleges that since actual performance of the contract took over two and a half years in addition to the fact that State preparation and consultation ensued for approximately two years prior to the commencement of contract work, this four and a-half year period will have produced voluminous documents and records, the examination of all of which will be necessary in order to establish the State’s breaches. Since the admitted purpose of this examination is to prove the State’s knowledge and concealment of material facts, we do not see how priority of disclosure is necessary to obtain such knowledge. We can only suggest that if a demand for a bill of particulars is made prior to the claimant having its examination before trial, the claimant may reasonably be expected to include only those facts known to claimant at the time of the demand for a bill of particulars.
Claimant’s final contention centers on the propriety of making an examination before trial contingent on the demand for and service of a bill of particulars. Initially, it is argued that since the State under the terms of the notice of examination served by it, has absolute control over the timing of its demand for a bill of particulars, it can prolong the service of such demand for as long as it wished, thereby completely controlling the progress, or absence thereof, of the litigation. In this regard we call to claimant’s attention the relevant portion of CPLE 3103: “ (a) Prevention of abuse. The court may at any time on its own initiative, or on motion of any party or witness, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.”
Thus, if it became apparent that claimant’s rights were in danger of prejudice because of any undue procrastination by the State in demanding a bill of particulars, the court, either on motion or sua sponte, could issue an appropriate protective order.
We also reject the argument that the date specified by the defendant’s notice of examination fails for want of specificity since it is returnable 10 days after the service of a bill of particulars. This date can be readily computed. Under CPLE 3042 (subd. [a]), unless the party upon whom the demand for a bill of particulars is served moves to vacate or modify such demand within 5 days .after service, the bill of particulars is due within 10 days after demand. Since the claimant will be examined 10 days after receipt of a proper bill, the total time *701 involved is 20 days after demand, the exact date for which can be easily arrived at. Any question as to the uncertainty'of the time of the demand itself is moot, since the defendant has in fact served a demand for a bill of particulars. The court regards the fact that service of a demand for a bill of particulars was not made until 22 days after the filing of a notice of claim as immaterial, and considers the date of the service of the notice of examination as controlling.
Nor does the larger question of whether a bill of particulars may be required prior to an examination before trial disturb the -court. While the general rule is that service of a bill of particulars is not a condition of exercising priority of examinations (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3106.06), nevertheless in a given case such a procedure may be proper. ‘‘ Since one of the functions of the bill of particulars is to limit the issues at trial, courts frequently have stayed pretrial examination pending the service of a bill on the theory that the bill would reduce the scope of examination and thus avoid unnecessary discovery on issues not germane to the litigation. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.07.) The court in its decision of October 15, 1969 has, in fact, found such a procedure to be appropriate in the case at bar.
It cannot be argued that this decision will permit any defendant to obtain a bill of particulars prior to an examination before trial, since claimant itself concedes in its motion papers that in only two cases out of the hundreds of contract suits tried in the Court of Claims has the State ever sought a bill of particulars prior to an examination before trial. Bearing repetition is the fact that in this case such a procedure was approved by this court.
One other point must be dealt with. In its answering affidavits the State argues that rule 8 of the Court of Claims (22 NYCRR 1200.9) requires the return of this motion in the Poughkeepsie District of the Court of Claims where the action was commenced pursuant to rule 2 of the Court of Claims (22 NYCRR 1200.2).
The court agrees that under normal procedures the State’s argument would be correct. However, the Presiding Judge, exercising his inherent power, in order to expedite the trial of contract cases, has found it necessary to assign all such cases in the Poughkeepsie and New York Districts for trial within the New York District. This procedure has been followed for over a year and a half with distinct benefits to all litigants.
Thus, in accordance with the provisions of rule 8 of the Court of Claims (22 NYCRR 1200.9) which provides that “ A motion on notice shall be made returnable on any Tuesday at 10:00 a.m. *702 at a term, part I, of the court within the district in which the claim arose or is then fending.” (emphasis added), the court finds the motion to have properly been brought in the New York District.
Therefore, the court holds that venue is proper, that the defendant is entitled to priority of examinations, and that the form of its notice is not so indefinite as to amount to an absence of notice.