Frank S. Rossetti, J.
Defendant does not contest claimant’s entitlement to the examination sought herein, but requests such examination be conditioned on defendant having its examination of claimant first.
The normal procedure for obtaining disclosure is for either party to merely serve a notice therefor on their adversary (see CPLR 3102, subd [b]; CPLR 3107). The only statute dealing with priority of examinations is CPLR 3106 (subd [a]), which requires a plaintiff to obtain leave of court, on motion, if he desires to serve a notice of examination within 20 days after service of the complaint. The rationale for this rule is that the defendant is presumed blameless until claimant proves otherwise and thus should be accorded the opportunity in the first instance to examine plaintiff to determine what plaintiff’s lawsuit is about. (See Grow Constr. Co. v State of New York, 61 Misc 2d 697, 698; Skrill v Skrill, 42 Misc 2d 22, 23; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3106:02.) Consistent with this rationale, the 20 days in CPLR 3106 (subd [a]) has been construed to be "the equivalent of the time to answer” (Williams v H. R. Weissberg Corp., 24 AD2d 940) and thus defendant’s priority has been extended where the time to answer was extended. (See Kraft v Trustees of Sailors’ Snug Harbor, 31 AD2d 918; Fund of Funds v Waddell & Reed, 26 AD2d 809, 810; Mastro Plastics Corp. v Emenee Ind., NYLJ, April 17, 1964, p 14, col 4, cited in Williams v H. R. Weissberg Corp., supra.) However, outside of the special priority in favor of defendant under CPLR 3106 (subd [a]), the normal rule is that the party first to initiate discovery will gain priority thereof. (See Gormel v Pfuntner Sales & Serv., 26 AD2d 612; Samuels v Hirsch, 12 AD2d 823, 824; Skrill v Skrill, supra; Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth., 40 Misc 2d 1053; Tinplate Purchasing Corp. v Tuteur & Co., 19 Misc 2d 534, 535; Siegel, Practice Commentaries, McKinney’s *110 Cons Laws of NY, Book 7B, CPLR 3106, C3106:l; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3106:02.) Both defendant’s limited CPLR 3106 (subd [a]) priority and the normal priority accorded the party first initiating disclosure are not invariable, but are subject to exceptions where special circumstances are shown. (See McKenzie Mgt. & Research Co. v Lee Nat. Corp., 36 AD2d 602; Bassine v Bassine, 35 AD2d 945, 946; Bingham v Wells, Rich, Greene, Inc., 34 AD2d 924; Gormel v Pfuntner Sales & Serv., supra; Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth., supra; Weisinger v Berfond, 16 Misc 2d 755, 756, affd 7 AD2d 1025.)
In this court, the above rules cannot be literally applied because while the State is authorized to obtain an examination by mere notice (see Court of Claims Act, § 17, subd 1), claimant can obtain an examination only by motion (see CPLR 3102, subd [f]; Court of Claims Act, § 17, subd 2). Further, prior to this year the State was not required to answer in this court, but it has, nonetheless, been accorded the 20-day priority of CPLR 3106 (subd [a]). (Grow Constr. Co. v State of New York, supra.)* Here, however, the Attorney-General admitted receipt of the claim on March 3, 1976, but did not serve its examination notice until March 29, 1976. This was not within the applicable 20-day period and thus the State cannot rely on the limited priority of CPLR 3106 (subd [a]). Claimant served the instant motion on March 22, 1976 and is therefore presumably entitled to priority under the normal rule that the party first initiating disclosure is entitled to proceed first. (See McKenzie Mgt. & Research Co. v Lee Nat. Corp., supra.)
Notwithstanding, the State argues that since claimant cannot obtain an examination without a court order, claimant’s application therefor should not be deemed interposed until such an order is obtained. We think this argument is a hypertechnical one, based on a literal reading of the relevant statutes and cases which ignores the purpose of the statutory *111 scheme of the Civil Practice Law and Rules. As noted, the only special priority given defendant is under CPLR 3106 (subd [a]) and that priority is restricted to a limited time period. To accept the State’s argument would grant it an additional priority lasting at least until the filing of an order granting claimant’s examination, or more logically, until said order were served on the Attorney-General. The general statutory scheme with respect to priorities, as expressed in CPLR 3106 (subd [a]) and as interpreted by the courts (see pp 109, 110, supra), clearly indicates defendant should be accorded a reasonable but limited time in which to review a claim and, if deemed necessary, acquire through examination such further information it needs to determine what the claim is about. This reasonable time is set in the statute at the normal time to answer (20 days) and has been judicially extended where the time to answer is extended (see cases cited p 110, supra). Beyond this reasonable time, however, priority is given to the more diligent party, unless special circumstances are shown calling for the exercise of judicial discretion. In this court, as mentioned, the State has hitherto been exempt from the usual requirement of answering, but nonetheless has been accorded (and properly so) the same 20-day CPLR 3106 (subd [a]) priority any other defendant is entitled to (see p 110, supra). Notwithstanding, there is no sanction for us to give the State a longer period and it is certainly dissonant with the above-stated intendment of the Civil Practice law and Rules to bestow upon the State a second and unprecedented priority for an indeterminate period.
Moreover, in practice such a rule would mean the State could always obtain priority merely by serving its notice any time before an order for claimant’s examination is filed or served. It is thus very possible the court could direct an examination only to have it superseded by a notice of defendant as to which the court has no knowledge. Such a circumstance is intolerable to both the authority of this court and the orderly administration of justice.
The instant motion was made when served (CPLR 2211) and we believe such time is the proper one for fixing examination priority where the limited priority of CPLR 3106 (subd [a]) is inapplicable. No special circumstances significantly favoring either party were shown and thus the normal priority rule of first demand or service should apply. (See Gormel v Pfuntner Sales & Serv., 26 AD2d 612, supra; Seifert v McLaughlin, 15 *112 AD2d 555, 556; Samuels v Hirsch, 12 AD2d 823, supra; Punia v Dry Dock Sav. Bank, 280 App Div 431, 432.)
Accordingly, pursuant to subdivision 2 of section 17 of the Court of Claims Act and CPLR 3101 (subd [a], par [1]), the State is directed to produce for oral examination a person or persons with knowledge of the items listed in paragraphs "1” through "15” of the notice of motion herein and, pursuant to CPLR 3111, the State is also directed to produce thereat all plans, records, documents, drawings, record plans, diaries, force accounts and other papers in its possession or control containing data or entries relevant to the aforesaid items. Said papers may be marked as exhibits and used on the examination.
The examination shall be held at a place designated by the Attorney-General on June 3, 1976 at 10:00 a.m. If said date is inconvenient to either party, another date may be mutually agreed upon but not later than 45 days after notice of entry hereof. The examination ordered herein shall precede defendant’s examination of claimant.

 Last year this court promulgated a rule requiring the State to answer within 40 days of service and filing of claims (other than appropriation claims) accruing after January 1, 1976 (see 22 NYCRR 1200.14), and we have recently held the State’s CPLR 3106 (subd [a]) priority endures for that period. (See Green Is. Contr. Corp. v State of New York, Claim No. 60017, Motion No. M-18308, Rossetti, J., May 4, 1976.) However, the instant claim accrued prior to January 1, 1976 and thus the State’s CPLR 3106 (subd [a]) priority herein endured only for 20 days after service of this claim.