OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiff for an order enjoining defendant, both preliminarily and permanently, from applying subdivision 5 of section 2806 and section 2810 (subd 2, par a) of the Public Health Law to plaintiff, and from continuing any administrative hearings pursuant to said sections.
Plaintiff is the owner and operator of the Park Nursing Home and Rockaway Care Center, which are residential health care facilities licensed by the State of New York, and plaintiff presently possesses operating certificates for both facilities issued by the defendant pursuant to section 2805 of the Public Health Law.
Plaintiff pleaded guilty to a class E felony, grand larceny, third degree, on June 21, 1977 at a Criminal Term of Queens County Supreme Court. On August 18, 1977, plaintiff was sentenced to five years’ probation and was issued a certificate of relief from disabilities and forfeitures by the said court, pursuant to article 23 of the Correction Law.
On August 11, 1977, chapter 896 of the Laws of 1977 was *924 signed into law and became effective immediately. Subdivision 5 of section 2806 of the Public Health Law, as added by section 1 of chapter 896 of the Laws of 1977, provided insofar as pertinent as follows:
"(a) Except as provided in paragraph (b) of this subdivision, anything contained in this section to the contrary notwithstanding, a hospital operating certificate of a hospital under control of a controlling person as defined in paragraph (a) of subdivision twelve of section twenty-eight hundred one-a of this chapter, or under control of any other entity, shall be revoked, suspended, limited or annulled, after a hearing, as provided in paragraphs (c) and (d) of this subdivision, upon a finding by the department that such controlling person or any individual, member of a partnership or shareholder of a corporation to whom or to which an operating certificate has been issued, has been convicted of a felony in connection with any activity or program subject to the regulations, supervision, or administration of the department or of the department of social services or in violation of the public officers law in a court of competent jurisdiction in the state, or of a crime outside the state which, if committed within the state, would have been a felony in connection with any activity or program subject to the regulations, supervision, or administration of the department or of the department of social services or in violation of the public officers law * * *
"(c) Any hearing conducted hereunder shall be strictly limited to a determination of whether a judgment of conviction with respect to such felony has been entered. All such hearings shall be conducted as provided in paragraph (d) of this subdivision, and no hearing, revocation, suspension, limitation or annulment shall be stayed by the pendency of any appeal or other challenge to the conviction.
"(d) The commissioner shall fix a time and place for the hearing, which shall be held within fifteen days after notification of conviction. A copy of the notice and charges shall be served in person or mailed by registered or certified mail no less than ten days before the date fixed for the hearing. A written answer to the charges shall be filed with the department not less than two days prior to the hearing. No adjournment shall be granted in excess of forty-eight hours. The respondent may attend the hearing in person, with or without counsel, or be represented by counsel alone, but need not attend personally if unavailable because of incarceration, *925 hospitalization or other reason. If no answer is filed with the department within the time limitation of this paragraph, a hearing shall be deemed to have been waived, and the commissioner shall issue an order based on the record before him.”
A notice was sent to petitioner on September 9, 1977 that a hearing would be commenced pursuant to said statute on September 23, 1977. The notice stated that the purpose of the hearing would be to determine whether plaintiff’s operating certificate for the two facilities should be revoked, limited, suspended or annulled.
Plaintiff filed an answer to the statement of charges and appeared at said hearing where he moved to dismiss the proceeding on the grounds that it wasn’t timely commenced as required by section 2806 (subd 5, par [d]) of the Public Health Law. The hearing officer adjourned the proceeding and recommended that the proceeding be dismissed because of the commissioner’s failure to commence the administrative proceeding within the 15-day time limit prescribed in section 2806 (subd 5, par d) of the Public Health Law. Defendant Commissioner Whalen, however, determined that the time limitations expressed in the statute were precatory rather than mandatory and directed that the hearing be reconvened and completed. A further hearing has been scheduled for January 4, 1978 and a temporary restraining order was signed by this court on December 29,1977.
The plaintiff contends that subdivision 5 of section 2806 of the Public Health Law may not be retroactively applied to a felony conviction occurring prior to the enactment of that subdivision and that plaintiff’s certificate of relief from disabilities and forfeitures bars defendant from applying subdivision 5 of section 2806.
This court cannot agree with the contentions of the plaintiff. Although plaintiff pleaded guilty to a felony on June 21, 1977, he was not sentenced until August 18, 1977 which was seven days after the effective date of the statute in question. The date of conviction is interpreted in statutes such as the instant one requiring revocations of licenses, as the date of sentencing (Glucksman v State of New York, 40 AD2d 1058; Matter of O’Neill v Department of State of State of N. Y., 24 AD2d 940; Matter of Keogh v Wagner, 20 AD2d 380, affd 15 NY2d 569), and the application of chapter 896 of the Laws of 1977 to plaintiff herein is not a retroactive application since *926 plaintiff was not convicted within the meaning of the statute until after the effective date of the statute (the date he was sentenced).
Further, chapter 896 of the Laws of 1977 is not a criminal statute. It provides as a qualification for continued possession of a valid operating certificate that a nursing home operator not be convicted of a felony connected with the industry in which he operates. A law which prescribes the qualifications of a person who is to discharge certain duties (and such is the legislative aim here) is not a constitutionally defective law despite the fact that it may affect persons convicted prior to the effective date of the statute (Hawker v New York, 170 US 189; Canteline v McClellan, 258 App Div 314, affd 282 NY 166). The legislation herein is the result of a major scandal in the nursing home industry and the indication is that the legislation looks not to punish persons such as plaintiff for crimes committed, but rather to regulate the industry and protect nursing home residents.
The 15-day limitation period set forth in the statute was directory, not mandatory, and was inserted as a directive to the commissioner to act with due diligence and dispatch (Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd., 35 NY2d 371; Matter of Rochester Gas & Elec. Corp. v Maltbie, 272 App Div 162).
Further, the certificate of relief from disabilities and forfeitures does not preclude defendant from acting to revoke plaintiff’s operating certificate (Matter of Sturman v Public Health Council, 58 AD2d 389; Matter of Da Grossa v Goodman, 72 Misc 2d 806).
In view of the foregoing, the hearing should be allowed to continue, and the plaintiff’s motion for an injunction is denied.