■ FUND OF FUNDS, LIMITED, et al., Respondents, v. WADDELL & REED, INC. et al., Appellants.— Order entered June 8, 1966, denying defendants' motion for a protective order and related relief unanimously reversed on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to the appellants, and motion granted. The time of defendants to answer or move against the complaint was extended by stipulation. Prior to the expiration of such time defendants moved to make the complaint more definite (CPLR 3024). During the pendency of that motion plaintiffs served notices to examine the respective defendants. We conclude that defendants' motion to vacate the notices to examine should have been granted. (Cf. *Williams* v. *Weissberg Corp.*, 24 A D 2d 940.) It is true that here the notices to examine were served after the expiration of the extended date of the time of defendants to answer and that a motion to make a pleading more definite (CPLR 3024) does not automatically stay disclosure proceedings as is the case as to those motions specified in CPLR 3214, subd. (b). However, under CPLR 3024, subd. (c) the time to serve a responsive pleading is extended to 10 days after the service of a copy of an order denying a motion under CPLR 3024. The considerations which prompted the decision in *Williams* v. *Weissberg Corp.* (*supra*) where this court held that "the 20-day provision is the equivalent of the time to answer" would equally apply in the instant case. The 10-day extension granted by CPLR 3024, subd. (c) should be equated with any extension granted by stipulation. Paramount, however, is the intendment of CPLR that a defendant should have priority of examination (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3106.01–

3106.05). The implementation of that principle mandates reversal of the order. (Cf. *Van Valkenburgh, Nooger & Neville* v. *John F. Rider Publisher, Inc.,* 24 A D 2d 437.) Concur — Botein, P. J., McNally, Stevens, Steuer and Bastow, JJ.