Clare J. Hoyt, J.
After service of the summons and complaint that commenced this action, but before defendants’ time to answer had expired, plaintiff served each defendant personally with a subpoena duces tecum and a notice of examination before trial calling for the attendance of the defendants, for the purpose of examination, at the courthouse in Kingston on September 23, 1968. 'Service of the subpoenas and notices was effected on September 7, 1968 and simultaneously copies of the same were mailed to the attorneys for the defendants together with a stipulation extending defendants’ time to answer to September 17. The defendants move for an order quashing the subpoenas and vacating the notices.
The issuance and service of a subpoena upon a party in order to compel disclosure is improper. The design of the CPLR is to have disclosure proceed by notice or stipulation (CPLR 3102 subd. [b]). If that is unavailing the aggrieved party may move for relief by an order. The only circumstance in which a subpoena may be employed as a means of compelling discovery is when there is judicial authorization for the examination of a nonparty witness. Subpoenas play no part in the examinations of parties. The subpoenas served on the defendants are quashed.
The notices of examination served on the defendants and their attorneys are improper for a different reason. They were prematurely served. CPLR 3106 vests a defendant with the right to first examine a plaintiff if he elects to exercise this right. The statutory condition is that no examination shall be noticed by a plaintiff until the expiration of 20 days from the date of service of the complaint. This provision has been construed to mean that when a defendant’s time to ' answer is extended beyond the 20-day period, the extension also served to extend the time within which a plaintiff may not serve a notice of examination for the same period (Williams v. Weissberg Corp., *1001 24 A D 2d 940; see, also, Fund of Funds v. Waddell & Reed, 26 AD 2d 809).
"While ordinarily a premature notice would not be vacated outright, but rather a time and place for the examination would be fixed with due regard to defendant’s priority, here the notices should be simply vacated. Some form of protective relief may be sought by the defendants with respect to any examination noticed and the production of documentary evidence called for by the notice. It would be unfair to both parties to attempt to resolve such issues on the papers before the court, üf new notices are served, such questions may be raised then. The motion is granted in its entirety.